## IN THE CHANCERY COURT OF HARRISON COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

FEB 1 1 2016

John McAdams Chancery Clerk

By_____ D.C.

**ROBERT WIEMER, MD.**                                    **PLAINTIFF**

**VERSUS**                                    **NO.** *C2401-16-* 0031 (1)

**DENISE RUBINO and JOHN DOE 1-5**                **DEFENDANT**

---

### *COMPLAINT FOR PERMANENT RESTRAINING ORDER AND OTHER RELIEF*

Comes now your Plaintiff, ***ROBERT WIEMER,*** personally and by and through his counsel herein,

**R. WAYNE WOODALL,** who files this ***COMPLAINT FOR PERMANENT RESTRAINING***

***ORDER AND OTHER RELIEF*** in the above styled and numbered cause and in support hereof

would respectfully show the following facts and matters, to-wit:

#### I.

The Movant, ***ROBERT WIEMER, MD.,*** would show that he is a resident of Harrison County,

Long Beach, Mississippi and he has been such a resident for a period in excess of six (6) months

next preceding the date of filing of this ***COMPLAINT FOR PERMANENT RESTRAINING***

***ORDER AND OTHER RELIEF***

#### II.

**DEFENDANT DENISE RUBINO, MD** is an adult resident citizen of Harrison County, Long

Beach, Mississippi and she has resided in this jurisdiction for a period in excess of six (6) months

and then departed and absconded with assets owned by the Plaintiff named above. The Defendant's

address is 470 Holmwood Lane, Solana Beach, CA 92075 where she may be served with process of

this Honorable Court.

**EXHIBIT 1**

## III.

Defendant **JOHN DOE 1**, is an adult resident citizen of the State of Mississippi whose identity is unknown at this time but whose identity will be discoverable and upon discovery said Defendant will be properly named and served with process of this Court. This defendant assisted DEFENDANT RUBINO in her efforts to obtain, steal, convert, and abscond with assets of the Plaintiff and as such is liable to the Plaintiff to compensate the Plaintiff for damages suffered by the Plaintiff as a result of the actions described in the Complaint. Upon discovery of the identity of the said **DEFENDANT JOHN DOE 1** amended pleadings will be filed.

## IV.

The Court has jurisdiction over the parties hereto and over the subject matter hereof.

## V.

**PLAINTIFF** and **MOVANT ROBERT WIEMER, MD.** (hereinafter **DR. WIEMER**) is a duly licensed medical physician providing medical services to a variety of patients at 550-F Klondyke Road in the City of Long Beach, Mississippi. **DR WIEMER** has been treating patients in this location for a period in excess of four (4) years, having "built the practice" from virtually a non-existent practice to a profitable business and medical service venture as of this date.

## VI.

From time to time in the past **DR. DENISE RUBINO** (hereinafter **DR. RUBINO**) has maintained

a professional relationship with the Movant, periodically providing medical services on a limited and sporadic basis to a few patients while she primarily concentrated on studying for her Addictionology Medical Board Examination which she successfully "passed" and **DR. RUBINO** is now "Board Certified" in the medial sub-specialty of Addiction Medicine (in addition to other Board Certifications which she may hold).

## VII.

While **DR. WIEMER** began his practice in Long Beach in 2011, **DR. RUBINO** only became authorized to practice medicine in the State of Mississippi in November 2013, having first been licensed in this State at that time.

## VIII.

**DR. WIEMER** has invested a great deal of money and time (literally and figuratively) "building" a medical practice to treat the medical needs of this community. In July 2011 a Limited Liability Company by the name of *GULF FUNCTIONAL MEDICINE LLC.* was formed and **DR. ROBERT WIEMER** was a member of that entity providing medical consulting services to the community members as needed. Periodically, and sporadically, **DR. DENISE RUBINO** would be consulted and patients would occasionally (on a "very limited" frequency) see **DR. RUBINO** for their medical care needs at the clinic in Long Beach. The clinic operates out of a business environment located at 550 Klondyke Road in Long Beach, MS 39560.

### IX.

*DR. ROBERT WIEMER* would  provide services for and to *GULF FUNCTIONAL MEDICINE LLC.* on a regular basis and he would retain compensation for his efforts.  On a monthly basis *DR. WIEMER* would generally retain   a sum equal to sixty percent (60%) of the gross income collected in the medical practice and he would remit forty percent (40%) of the gross patient fees and income received to the business checking account for the satisfaction of business expenses.  Both parties acquiesced to the distribution of the income from the practice in this manner without objection.

### X.

From time to time **DR. DENISE RUBINO** would request that **DR WIEMER** remit unto **DR. RUBINO** surplus funds in the business checking account so she could save those funds for future potential business needs and for future investment as may be needed later.  In the past, there have been occasions when **DR. WIEMER** would deliver funds to  **DR. RUBINO** for safekeeping and for future use as may be necessary. On occasion **DR. WIEMER** would obtain some of those funds "back" from **DR. RUBINO**.  All of these funds which are subject to this claim are surplus income funds which were generated primarily by the labor of **DR. WIEMER** and which were merely placed in safekeeping with **DR. RUBINO**.  However, upon obtaining some of the funds returned from **DR. RUBINO's** possession, **DR. RUBINO** has started taking the position that 100% of the funds being "returned" to **DR. WIEMER**  belong solely to **DR. RUBINO** and that such "withdrawal" of previously earned income (earned  by **DR. WIEMER**) should constitute a loan by **DR. RUBINO**

to **DR. WIEMER** for which he would be and is personally responsible to repay at some unstated future date.

## XI.

In the past six (6) months it is estimated that **DR. RUBINO** may have treated twenty (20) patients (From December 2014 through May 2015) while **DR. WIEMER** estimates that he provided services to a total in excess of One Thousand (1,000) patients. Nevertheless, **DR. WIEMER** would retain only sixty (60) percent of the gross income generated by the practice and would remit forty percent (40%) of the income to the practice checking account, from which expenses for the practice and personal expenses of **DR. RUBINO** were paid from time to time. **DR. RUBINO** has actually provided direct medical services to less than two percent (02%) of the patients who have obtained services at the clinic.

## XII.

While the operation of the Clinic was being conducted as a Limited Liability Company known as *GULF FUNCTIONAL MEDICINE, LLC.* (which was formed in July 2011) that entity was administratively dissolved on December 20, 2014 for failure to file annual reports. **DR. RUBINO** only became licensed in Mississippi in November 2013. Therefore, from the inception of the business in July 2011 through October 2013 **DR. ROBERT WIEMER** was the only physician licensed in this State authorized to provide medical services to patients. Thereafter **DR. RUBINO**

became licensed in November 2013.  In December 2014 the Clinic Limited Liability Company became "dissolved" and unable to lawfully continue operations. It remains "dissolved" as of the date of filing of this Complaint. Therefore, from and after the date December 20, 2014 the **PLAINTIFF** would show that each physician named herein would have been operating as Sole Proprietors and each would be entitled to the income generated by personal consultations each made from and after December 20, 2014.  In June 2015 **DR. RUBINO** sent her brother, an Attorney from the State of New York, to advise **DR. WIEMER** that **DR. RUBINO** (who at that time had been out of the Clinic since March 2015 and was in California on personal business) desired to terminate the relationship previously maintained by the parties. Therefore **DR. WIEMER** began treating patients individually as of the date of that termination and  **DR. WIEMER** has been treating patients individually since that termination.


## XIII.
## COUNT ONE
## CONVERSION OF FINANCIAL RECORDS AND BANK RECORDS
## INJUNCTIVE RELIEF TO REQUIRE RETURN OF RECORDS

To avoid prolixity the allegations of **Paragraph 1** through **Paragraph XI** above, inclusive,  are re-alleged herein as if restated in words and figures for all purposes.


## XIV.

In March 2015 **DR. RUBINO** traveled to California for an extended stay, primarily for personal

reasons. During her absence she contacted her Brother who is an Attorney from the State of New York and retained him to travel to Mississippi to contact **DR. WIEMER** to advise **DR. WIEMER** that **DR. RUBINO** had no intent to return to Mississippi or to the Clinic and that **DR. RUBINO** was making demand for her "fair share" of the assets and income from the Clinic.

## XV.

In response to the advice of **DR. RUBINO'S** agent, **DR. WIEMER** merely continued performance of operations at the Clinic so that the patient needs were met without interruption or endangerment to any of the patients.

## XVI.

Notwithstanding the notice of termination of the business relationship as mentioned above, in late 2015 **DR. RUBINO** returned to the Clinic.

## XVII.

On the date when **DR. RUBINO** returned to the Clinic **DR. WIEMER** was out of the Clinic obtaining personal medical attention for himself out of State. **DR. RUBINO**, of course, was aware that **DR. WIEMER** was not at the Clinic and **DR. RUBINO** took advantage of his absence to enter the Clinic premises and to abscond with certain records which related to the financial affairs of the Clinic, as well as to seize checks, and checking account records, such as to prevent **DR. WIEMER** from having the ability to pay the routine expenses and financial obligations of the Clinic as such expenses and obligations would become due. The actions of **DR. RUBINO** constitute the tort of

"Conversion" and as such she is liable unto **DR. WIEMER** for any and all damages which have accrued, and all damages which will accrue in the future, due the misconduct and unauthorized action of **DR. RUBINO** and due to her unilateral conversion of property to which she is not entitled.

## XVIII.

Unilateral seizure of bank checks and bank records is contrary to the ordinary operation of a medical clinic and the actions of **DR. RUBINO** interfered with the orderly operation of the Clinic.

## XIX.

Demand was made upon **DR. RUBINO** to return the Bank Checks and Checking Register and other financial records without success. **DR. RUBINO** refuses to return the records to **DR. WIEMER** so that **DR. WIEMER** may continue to operate the Clinic in an orderly fashion with regard to the payment of Clinic financial obligations and expenses.

## XX.

**DR. RUBINO** should be immediately enjoined to prevent her from retaining the bank checks and from retaining the financial records she has unilaterally seized from the business and she should be immediately enjoined from interfering with the day to day operations of the Clinic. Upon her failure to return the records in response to a Court Order the Court should hold her in Contempt of Court and should levy such sanction as the Court would deem appropriate and proper, including incarceration until such time as she makes arrangement for the return of the records to the Clinic.

**XXI.**
**COUNT TWO**
**CONVERSION OF FUNDS**
**INJUNCTIVE RELIEF TO REQUIRE RETURN OF FUNDS TAKEN**

To avoid prolixity the allegations of **Paragraph 1** through **Paragraph XIX** above, inclusive, are

re-alleged herein as if restated in words and figures for all purposes.

**XXII.**

In addition to seizing the checkbook and other records as set forth in Count One above, when **DR.**

**RUBINO** appeared at the Clinic in late June 2015 during the absence of **DR. WIEMER**, **DR.**

**RUBINO** took certain funds from the checking account of the Clinic and refuses to account for any

funds taken and refuses to return any funds taken from the Clinic without authority. The actions of

**DR. RUBINO** constitute the tort of "Conversion" and as such she is liable unto **DR. WIEMER** for

any and all damages which have accrued, and all damages which will accrue in the future, due the

misconduct and unauthorized action of **DR. RUBINO** and due to her unilateral conversion of

property to which she is not entitled.

**XXIII.**

The Court should immediately issue an Injunction or Restraining Order to prevent **DR. RUBINO**

from continuing to maintain possession of funds seized unilaterally from the Clinic account(s) and

to require her to return those funds at this time without deduction or reduction of any amount. **DR.**

**RUBINO** should be required to account for all funds she has obtained from the practice which were

provided to her by virtue of her seizure of the checkbook records and she should be required to immediately deliver those funds to **DR. WIEMER**. Further, **DR RUBINO** should be required to account for any funds which have been remitted to her over the years which exceed the proportion of the income she earned (as determined by the number of patient visits she completed divided by the total number of patient visits completed in the Clinic by all Physicians) and she should be required to account for those funds and return the excess funds to **DR. WIEMER** immediately. **DR RUBINO** should be enjoined from retaining the Clinic records and financial records and checking account checkbooks and the like, being required to immediately return those checkbooks to **DR. WIEMER** at this time.


## XXIV.
## COUNT THREE
## CONVERSION OF PERSONAL PROPERTY
## INJUNCTIVE RELIEF TO REQUIRE RETURN OF SAME

To avoid prolixity the allegations of **Paragraph 1** through **Paragraph XXII.** above, inclusive, are re-alleged herein as if restated in words and figures for all purposes.


## XXV.

The Clinic is operated in a "strip mall" located on Klondyke Road in Long Beach. There are several separate and distinct areas and businesses present in the "Mall" but the Clinic occupies only one (1) of the divided areas within the overall mall structure. Other businesses are present within the mall. Some of the mall is dedicated to "Storage" and is controlled solely by the owner of the building. In the past, **DR. WIEMER** made arrangements with the owner of the mall to rent "storage" in the

mall so that **DR. WIEMER** may have an area to safely provide for the security of certain personal

property he owns which is unrelated to operation of the Clinic. These items include two (2) or more

"Safes" and a "storage trailer" as well as other assorted items of personal property which have been

owned by **DR. WIEMER** for a number of years. Also included in these storage areas is a collection

of certain weapons which have been saved and collected by **DR. WIEMER** over a period of several

years, including but not limited to antique weapons, and other rifles and firearms together with

related supplies and firearm servicing and maintenance supplies. **DR. RUBINO** has no right to

claim any interest in any of the personal property owned by **DR. WIEMER.** Nevertheless, when

**DR. RUBINO** returned to the Clinic unannounced in late June 2015, knowing that **DR. WIEMER**

was out of the State of Mississippi attending to important medical needs, and during the absence of

**DR. WIEMER, DR. RUBINO** unlawfully entered into other areas of the building and literally

broke into these areas, and unlawfully took and seized various items of personal property owned by

**DR. WIEMER.**


## XXVI.

The actions of **DR. RUBINO** in entering these areas (where she had no authority to enter) and

unilaterally breaking locks and breaking into storage areas and seizing personal property owned by

**DR. WIEMER** constitutes trespass to personalty; as well as conversion of property without

authority, and that action has damaged **DR. WIEMER.** Certain of the personal items taken are

irreplaceable antiques and/or collector items which cannot easily be replaced in the open market.

**DR. RUBINO** also seized certain keys for other locks from **DR. WIEMER'S** office when she

unilaterally absconded with the other personal property owned by **DR.WIEMER.**

## XXVII.

Demand has been made by **DR. WIEMER** upon **DR. RUBINO** for return of all keys unlawfully stolen or taken and **DR. RUBINO** refuses to return any of the keys and refuses to return any of the property, allegedly claiming that due to the fact that this personal property happened to be stored in the same proximity to the Clinic it has become "Clinic property" and that due to the fact it must be "Clinic property" she claims to be entitled to 100% of the property. **DR. RUBINO** does not acknowledge that this personal property was never sold or otherwise transferred to the Limited Liability Company or otherwise at any time and that it has always been the personal asset and property of **DR. WIEMER.**

## XXVIII.

**DR. RUBINO** is charged herein with trespass to personal property, conversion of personal property, unlawfully retaining the personal property, and she should be responsible to **DR. WIEMER** for damages and losses as a result of her conduct in destroying certain locks, retaining keys to other locks thus requiring those locks to be "re-keyed" and for the damages which accrue because of her misconduct and unlawful conversion of the assets to her personal use. **DR. RUBINO** should be required to reimburse **DR. WIEMER** for any damages she caused to locks or other personal property, and she should be required to return all personal property she took from the premises immediately, and upon her failure to do so she should be incarcerated for her wilful, wanton and contumacious contempt of an **ORDER** to return the property, especially considering that much of the property is irreplaceable due to its age and value. Alternatively a **JUDGMENT** should be entered

against **DR. RUBINO** for the value of all assets unlawfully destroyed or damaged or other assets

unlawfully seized by **DR. RUBINO** which she refuses to return immediately.


## XXIX.
## COUNT FOUR
## DISRUPTION OF BUSINESS AFFAIRS

To avoid prolixity the allegations of **Paragraph 1** through **Paragraph XXVII.** above, inclusive,

are re-alleged herein as if restated in words and figures for all purposes.


## XXX.

After being advised that **DR. RUBINO** wished to terminate whatever relationship she had

maintained over the years with **DR. WIEMER** by her agent and Attorney, **DR. WIEMER** took

steps to separate the old business from the anticipated new business or future business.

Notwithstanding the expressed desire to terminate the business relationship, and during a period in

late June 2015 while **DR. RUBINO** knew **DR. WIEMER** would be out of the State of Mississippi

seeking medical services for himself, **DR. RUBINO** appeared at the Clinic and began disrupting

the affairs of the office on a daily basis. There are two (2) primary full time staff members who **DR.

RUBINO** recruited to assist her (along with unknown third parties) to abscond with the assets which

were owned and controlled solely by **DR. WIEMER**, (including but not limited to the complete

removal of one safe which had been maintained in the independent storage areas nearby) and **DR.

RUBINO** continues to be present within the Clinic making unreasonable and strange demands upon

**DR. WIEMER** and upon the staff. Continued interference with the Clinic operations by **DR.

RUBINO** threatens the basic economic vitality of the Clinic and the continued employment of the

staff. **DR. RUBINO** has created such a hostile atmosphere that she in fact attempted to have **DR. WIEMER arrested** by members of the Long Beach Police Department on June 24, 2015 alleging that **DR. WIEMER's** action to withdraw funds for personal services in the past (as was always accepted by **DR.RUBINO** and as was always acquiesced by **DR.RUBINO** with her full knowledge and awareness of the events at the time they transpired) now claiming that the mere withdrawal of compensation for services constituted "embezzlement" of assets of the Clinic. Notwithstanding her valiant efforts to have **DR. WIEMER** subjected to severe mental and emotional distress, and notwithstanding the demands **DR. RUBINO** made upon the Staff to "call the Police!" to try to have **DR. WIEMER** removed from the premises in handcuffs, her efforts failed due to the professionalism of the Long Beach Police Department who discovered that *Gulf Functional Medicine, LLC.*, (a Limited Liability Company under which the Clinic had operated since July 2011) had been administratively dissolved on December 20, 2014 for failure to file annual reports. The Long Beach Police Department representative opined that due to the fact that the company was "dissolved" and had been during the period she claimed **DR. WIEMER** had unlawfully "embezzled" funds, there would be no business from which funds could be "embezzled" and as such it appeared that for that period at least during the administrative suspension the Clinic was actually being operated by **DR. WIEMER** individually and he could not "embezzle" his own income.

## XXXI.

The actions of **DR. RUBINO** at the Clinic since the latter part of June 2015 have been bizarre and she is continuing to act in a manner which significantly and unreasonably interferes with the orderly operation of the Clinic affairs and the maintenance of the Staff employees without disruption and

concern over their personal and economic well being. By way of example, but not by way of limitation, **DR. RUBINO** claimed that **DR. WIEMER** stole all of the funds of the Clinic and as such the Clinic would be unable to continue in operation. This claim follows, of course, the notice by **DR. RUBINO** that she desired to terminate her relationship with **DR. WIEMER** in **JUNE 2015** and that she would not be returning to Mississippi for any purpose. Notwithstanding such announcement and termination of the relationship, **DR. RUBINO** appeared during the week of July 20-July 24 2015 demanding to see every patient who appeared at the Clinic. This "demand" flies in the face of the rights of the patient to select the particular care-giver that the Patient desires to use for his or her individual medical needs. **DR. RUBINO** cannot unilaterally "claim entitlement" to one hundred percent (100%) of the patient base which has meticulously been built by **DR. WIEMER** since 2011, thereby claiming to be "entitled" to 100% of the Clinic gross income and she should be enjoined from appearing at the Clinic except on the rare occasion if a particular patient might elect to obtain his or her care from **DR. RUBINO** instead of **DR. WIEMER.** If such event transpires, **DR. RUBINO** will need to make arrangements to consult with the patient in such a manner as may be acceptable both to **DR. WIEMER** and to the Clinic Staff in lieu of asserting unilateral demands that she be able to force herself upon patients who otherwise would desire to maintain a history of treatment by **DR. WIEMER** so that the patient does not have to explain to **DR. RUBINO** a lengthy history of treatments with which **DR. WIEMER** is already familiar with respect to individual patients. Recognizing that **DR. RUBINO** historically has treated approximately twenty (20) patients out of One Thousand (1000) such patients, **DR. WIEMER** is willing to make arrangements whereby **DR. RUBINO** would have access to the Clinic on a specific day each month upon which patients could be treated but other than to treat some patients, **DR. RUBINO** needs to

refrain from appearing at the Clinic and continuing to disrupt proceedings and activities at the Clinic and continuing to threaten **DR. WIEMER** with absurd and ridiculous "false claims" to certain lawful authorities such as the **MEDICAL BOARD** and/or the DEA and other relevant authorities. **DR. RUBINO** has threatened to "report" **DR. WIEMER** to the **Drug Enforcement Administration** in an effort solely to inflict mental and emotional distress upon **DR. WIEMER** (who, incidentally, strictly follows all guidelines for treatment of patients with respect to the prescription of narcotics as required by and as desired by **Drug Enforcement Administration** guidelines and requirements. Likewise conjuring up some false report of a "violation" to use to threaten the relationship **DR. WIEMER** enjoys with the **Mississippi Medical Board** constitutes intentional infliction of mental and emotional distress by **DR. RUBINO** and she should be enjoined from such misconduct at this time. She should be enjoined from coming upon Clinic Property or within One Thousand Feet (1,000') thereof except and **UNLESS** it is agreed that she would be able to use the Clinic facility and resources (including Staff) one day a month upon which she would be able to maintain her patients (if **DR. RUBINO** even desires to continue to treat patients in Mississippi.) Also by way of example but not by way of limitation, **DR. RUBINO** tried to allege to Long Beach Police Department that **DR. WIEMER** was a physical threat to her well being but she was unable to recite **ANY** action which had been undertaken by **DR. WIEMER** which would support such an outrageous allegation, thus Long Beach Police refused to arrest **DR. WIEMER** at that time.


**XXXII.**

**DR. RUBINO** has also threatened to file or make reports to the **Drug Enforcement**

**Administration** and to the **Mississippi Medical Board** so that she could harass and cause undue trouble to **DR. WIEMER** while she maliciously and unlawfully slanders **DR. WIEMER** with false allegations of violation of accepted business practices. **DR. RUBINO** should be enjoined from contacting any **Administrative Agency** or **Law Enforcement Agency** without first being required to "clear" any proposed "accusations" with a person appointed by this Honorable Court to ensure that there is a legitimate basis for making such contact. In establishing the independent "Court Appointed Arbitrator" of sorts the Court will facilitate the filing of any legitimate "Complaint" or "report" which may be known to **DR. RUBINO** but will also provide for the protection of **DR. WIEMER** from unfounded and untrue allegations designed solely to cause disruption of the life and business pursuits of **DR. WIEMER** while simultaneously protecting the "right to freedom of speech" enjoyed by **DR. RUBINO**. The Court therefore is requested to enjoin **DR. RUBINO** from making **ANY** contact with the *Mississippi Medical Board* and/or with any *Law Enforcement Agency* and/or with the **Drug Enforcement Administration** unless **DR. RUBINO** first provides clear and unequivocal evidence of an apparent violation of policy or procedure to a third party appointed by this Honorable Court. Should **DR. RUBINO** disregard such an injunction and requirement and file a false report without first having the gist of the report be reviewed independently for content, accuracy and merit, she should be held 100% responsible for all time and expense incurred in the defense of the frivolous allegations designed solely to interfere with the day to day management of his practice by **DR. WIEMER**. Costs of the "Arbitrator" should be borne 100% by DR. RUBINO in view of her history of attempting to file false reports in the recent past with Long Beach Police in an effort to have **DR. WIEMER** subject to embarrassment of arrest (false arrest) and imprisonment and expense without valid supporting justification.

## XXXIII.
## COUNT FIVE
## ATTORNEY FEES AND BOND

To avoid prolixity the allegations of **Paragraph 1** through **Paragraph XXXI.** above, inclusive, are re-alleged herein as if restated in words and figures for all purposes.

## XXXIV.

Due to the misconduct of **DR. RUBINO** to return to the Clinic after announcing the termination of her relationship with the Clinic and due to the unlawful action as set forth in the multiple counts alleged above and herein, or in any one of those counts, the Plaintiff has been required to incur Attorney's fees and expenses for which **DR. RUBINO** should be wholly responsible. The Court therefore is requested to enter an **ORDER** requiring **DR. RUBINO** to reimburse and compensate **DR. WIEMER** for all fees and expenses incurred in the prosecution of this matter. **FURTHER,** the Court is requested to enter an **ORDER** requiring **DR. RUBINO** to post a "Cash Bond" designed to maintain the peace and to maintain a calm and quiet at the clinic, said Bond being in a minimum sum and amount of Twenty Thousand Dollars ($20,000.00) when all factors and potential damage is considered as a result of her failure to comply with the ORDER of this Court.

## XXXV.
## COUNT SIX
## PERMANENT RESTRAINING ORDER
## RULE 65 MISS. RULES of CIVIL PROCEDURE DATA

To avoid prolixity the allegations of **Paragraph 1** through **Paragraph XXXIII.** above, inclusive,

are re-alleged herein as if restated in words and figures for all purposes.

## XXXVI.

There may occur in the future urgent and emergency circumstances with regard to the conduct of **DR. DENISE RUBINO** which, if unchecked, will result in immediate and irreparable injury, loss, or damage to **DR. WIEMER** and to the Clinic before **DR. RUBINO** and/or her Attorney may be heard. For that reason the Plaintiff requests at this time a Permanent Restraining Order to prevent Dr. Rubino from visiting the clinic property and/or from contacting anyone in regard to clinic operations including a prohibition upon Dr. Rubino from contacting any employee of the clinic (past and/or present employees) and any patient thereof.

## XXXVII.

Notwithstanding the fact that **DR. RUBINO** has clearly terminated the professional relationship with **DR. ROBERT WIEMER,** in June 2015 **DR RUBINO** suddenly appeared at the Clinic the last week of June 2015 and while present began pilfering assets and converting financial documents and other personal property which was not her property (but was the personal property of **DR. WIEMER)** to her personal possession and exclusive use and she continues to appear at the medical Clinic and disrupting affairs there on a day to day basis. There is a fear **DR RUBINO** will return to the property once she is aware of the filing of this complaint and a **RESTRAINING ORDER** is hereby requested to prohibit **DR DENISE RUBINO** *FROM VISITING THE CLINIC IN LONG BEACH MISSISSIPPI OR FROM COMING WITHIN FIVE HUNDRED FEE (500')* *OF AND FROM THE CLINIC OPERATIONS*; and it is requested that **DR DENISE RUBINO**

be **PROHIBITED TO CONTACT LYNN GILBY OR MELISSA JOHNSON AND/OR ANY OTHER EMPLOYEE OF THE CLINIC FOR ANY PURPOSE OR FROM CAUSING DISRUPTION OF CLINIC ACTIVITIES IN ANY MANNER.** Her conduct and her actions threaten the very existence of the economic continuity of the Clinic. Should she return, her actions will cause Staff to terminate their employment rather than to condone the bizarre day-to-day activities of **DR. RUBINO.** There is no adequate remedy at law and she should be enjoined from appearing on the premises or within Five Hundred Feet (500') of the premises at any time without first obtaining prior Court approval over the time and conditions under which she might be allowed to be present.

### XXXVIII.

Based upon the history of bizarre conduct in the recent past, including the actions of **DR. RUBINO** on June 24, 2015 to attempt to have **DR. WIEMER** arrested for maintaining possession of his own funds and his own income, and based upon the unreasonable response of **DR. RUBINO** to the refusal of **DR. WIEMER** to continue to provide her with funds for personal use not related to the Clinic operations, it is believed that providing advance notice of this proceeding to **DR. RUBINO** will be answered with further disruption of the Clinic operations and further dissension at the Clinic between **DR. RUBINO** and the employees/staff, which may result in resignation by the staff, thus causing the Clinic to be in a position where it cannot operate in an efficient manner. **FURTHER,** if advance notice of the application for a Restraining Order is provided to **DR. RUBINO** it is believed that she will respond in an unusual and disruptive manner to try to "retaliate" as she has demonstrated in the recent past (when she was unable to "get her way" with regard to obtaining personal funds) and she will again attempt to have **DR. WIEMER** "arrested" for false charges or

non-existent events which would not only severely disrupt Clinic operations and the orderly continuity of the Clinic business. If Notice is provided in advance to **DR. RUBINO** the intent of this Petition and ***COMPLAINT*** (to maintain "peace and tranquility about the premises") will be defeated in the opinion of the **PLAINTIFF** and his **COUNSEL** in that **DR. RUBINO** would immediately expedite action to try to put herself in a position of bargaining with respect to patient records or financial records or with respect to possession of personal property owned by **DR. WIEMER** in order to "blackmail" **DR. WIEMER** to negotiate in a manner acceptable to **DR. RUBINO** (and not necessarily negotiate in a manner best conducive to continued orderly operation of the Clinic) thus it is believed that the **RESTRAINING ORDER** should issue without notice.


### XXXIX.

If the Court will issue a ***RESTRAINING ORDER*** the irreparable injury of disruption of the Clinic affairs and the disruption of the day to day operations of the medical clinic will be avoided, thereby preserving the integrity of the Clinic and its reputation with the general public and with local Law Enforcement personnel. The **PLAINTIFF** respectfully requests a **RESTRAINING ORDER** to prohibit **DR. DENISE RUBINO** from visiting the Clinic facility [at ***550 KLONDYKE ROAD (Suite F) LONG BEACH, MS 39560*** ]and to prevent **DR. RUBINO** from being able to be present within One Thousand Feet (1,000') of the Clinic facility at any time for any purpose; and to require **DR. RUBINO** to refrain from attempting to interfere with the orderly operation of the Clinic affairs on a day to day basis until further **ORDER** of this Honorable Court; and the Court is requested to enter a **RESTRAINING ORDER** to prevent contact by **DR. RUBINO** with either of the staff members who are employed by the Clinic for the purpose of harassing either of the staff members,

being **LYNN GILBY** and/or **MELISSA JOHNSON** and **DR. RUBINO** should be enjoined from

contacting **LYNN GILBY** and/or **MELISSA JOHNSON** for any purpose during the term of the

**RESTRAINING ORDER** in order to prevent the staff from being harassed or otherwise threatened

with loss of employment or any other adverse action which may prompt the staff member to simply

decide to voluntarily terminate their position with the Clinic, thereby leaving the Clinic in a position

where it is unable to continue orderly operations until such time as a replacement staff member could

be retained and trained. **DR. RUBINO** should be enjoined from taking any action which would

adversely reflect upon **DR. WIEMER** with any third party, agency, or entity including but not

limited to Long Beach Police Department, the Mississippi Medical Board, and/or the United States

Drug Enforcement Administration, during the pendency of the Restraining Order. The

**RESTRAINING ORDER** should likewise apply to any agent, servant or employee of **DR.**

**RUBINO** (other than current staff members at the Clinic) and anyone else in privity with **DR.**

**RUBINO** or in concert with **DR. RUBINO**.


## XL.

**FURTHER**, after opportunity for **DR. RUBINO** to be heard, the **PLAINTIFF** is entitled to a

*PERMANENT RESTRAINING ORDER* to prevent **DR. RUBINO** from visiting the Clinic

facility [at *550 KLONDYKE ROAD (Suite F) LONG BEACH, MS 39560*] and to prevent **DR.**

**RUBINO** from being able to be present within One Thousand Feet (1,000') of the Clinic facility at

any time for any purpose; and to require **DR. RUBINO** to refrain from attempting to interfere with

the orderly operation of the Clinic affairs on a day to day basis until further **ORDER** of this

Honorable Court; and the Court is requested to enter a **RESTRAINING ORDER** to prevent contact

by **DR. RUBINO** with either of the staff members who are employed by the Clinic for the purpose

of harassing either of the staff members, being **LYNN GILBY** and/or **MELISSA JOHNSON** and

**DR. RUBINO** should be enjoined from contacting **LYNN GILBY** and/or **MELISSA JOHNSON**

for any purpose during the term of the **RESTRAINING ORDER** in order to prevent the staff from

being harassed or otherwise threatened with loss of employment or any other adverse action which

may prompt the staff member to simply decide to voluntarily terminate their position with the Clinic,

thereby leaving the Clinic in a position where it is unable to continue orderly operations until such

time as a replacement staff member could be retained and trained.  **DR. RUBINO** should be

enjoined from taking any action which would adversely reflect upon **DR. WIEMER** with any third

party, agency, or entity including but not limited to Long Beach Police Department, the Mississippi

Medical Board, and/or the United States Drug Enforcement Administration, during the pendency of

the Restraining Order.  The **RESTRAINING ORDER** should likewise apply to any agent, servant

or employee of **DR. RUBINO** (other than current staff members at the Clinic) and anyone else in

privity with **DR. RUBINO** or in concert with **DR. RUBINO**.


### XLI.

Plaintiff is entitled to an ***INJUNCTION OR RESTRAINING ORDER*** at this time.


   **WHEREFORE, PREMISES CONSIDERED THE PLAINTIFF** respectfully prays that this

Honorable Court will consider the above and foregoing ***COMPLAINT FOR PERMANENT***

***RESTRAINING ORDER AND OTHER RELIEF*** and upon due and mature consideration of the

same will enter an **ORDER** which provides as follows, to-wit:

(1)     Enter an **ORDER** requiring **DR. DENISE RUBINO** to immediately return any and all

financial records, checkbooks, checking account statements, credit card statements, credit

cards, books of account, journals, or other financial records or related records which she

seized from the Clinic operations within the past forty-five (45) days without justification or

authority and to deliver the records to the office of the Plaintiff's Counsel or in the

alternative to the office of the **Clinic Accountant, KELLY BAKER, CPA** in Gulfport, for

safekeeping and use as may be required to fulfill the needs of the Clinic;

(2)     Enter an **ORDER** requiring **DR. DENISE RUBINO** to immediately return any and all funds

taken or received from the Clinic in the past to the extent such funds exceed fifty percent

(50%) of the "Net Income" of the Clinic after deduction of ordinary and usual business

expenses, thereby returning to the Clinic for distribution the funds which were taken from

the Clinic for payment of personal non-business debts and liabilities including but not limited

to life insurance premiums with which the Clinic has no connection (or is not the beneficiary)

and to return any and all funds seized unilaterally within the past forty-five (45) days from

the Clinic Checking Account and from the Clinic "Savings Account" or otherwise; and to

deliver the records to the **PLAINTIFF,** or in the alternative to the office of the **Clinic**

**Accountant, KELLY BAKER, CPA** in Gulfport, for safekeeping;

(3)     Enter an **ORDER** requiring **DR. DENISE RUBINO** to immediately return any and all

personal property taken from various locations by **DR. RUBINO** in JUNE and/or in JULY

2015 specifically including but not limited to all property seized from the storage areas

maintained by **DR. WIEMER** where he had personal property stored by agreement with the owner of the premises; and to return all property taken including the safe unlawfully converted to her personal possession and use; and to return all records, weapons, locks, keys, or other items taken and to provide a complete accounting for those items taken which are not for whatever reason returned at this time including a list of any such personal property together with the value thereof and a description of the location from which the property was taken; and to deliver all such property to the **PLAINTIFF** or to the Office of Counsel for the Plaintiff, in her discretion, within thirty six (36) hours after service of the Restraining Order upon **DR. RUBINO**. In the alternative **DR. RUBINO** should be ordered to deliver the sum of One Hundred Fifty Thousand Dollars ($150,000.00) [or such other value as the Court may place upon such property, particularly considering that some items are of such a unique nature it would be impossible to replace the item due to the very age of the item and its existence as an antique] to compensate **DR WIEMER** for the value of the property wrongfully seized by **DR. RUBINO**

(4)   Issue a **RESTRAINING ORDER** to **DR. DENISE RUBINO** at this time to prevent her from visiting the Clinic facility [at *550 KLONDYKE ROAD (Suite F) LONG BEACH, MS 39560* ]and to prevent **DR. RUBINO** from being able to be present within One Thousand Feet (1,000') of the Clinic facility at any time for any purpose; and to require **DR. RUBINO** to refrain from attempting to interfere with the orderly operation of the Clinic affairs on a day to day basis until further **ORDER** of this Honorable Court; and the Court is requested to enter a **RESTRAINING ORDER** to prevent contact by **DR. RUBINO** with

either of the staff members who are employed by the Clinic for the purpose of harassing either of the staff members, being **LYNN GILBY** and/or **MELISSA JOHNSON** and **DR. RUBINO** should be enjoined from contacting **LYNN GILBY** and/or **MELISSA JOHNSON** for any purpose during the term of the **RESTRAINING ORDER** in order to prevent the staff from being harassed or otherwise threatened with loss of employment or any other adverse action which may prompt the staff member to simply decide to voluntarily terminate their position with the Clinic, thereby leaving the Clinic in a position where it is unable to continue orderly operations until such time as a replacement staff member could be retained and trained.   **FURTHER** the **RESTRAINING ORDER**  should enjoin **DR. RUBINO** from taking  any action which would adversely reflect upon **DR. WIEMER** with any third party, agency, or entity including but not limited to Long Beach Police Department, the Mississippi Medical Board, and/or the United States Drug Enforcement Administration, during the pendency of the Restraining Order.  The **RESTRAINING ORDER** should likewise apply to any agent, servant or employee of **DR. RUBINO** (other than current staff members at the Clinic) and anyone else in privity with **DR. RUBINO** or in concert with **DR. RUBINO**;

(5)     Enter an **ORDER** requiring **DR. DENISE RUBINO** to reimburse and compensate **DR. ROBERT WIEMER** for all Attorney Fees and Expenses incurred in the filing of this **PETITION** or **COMPLAINT FOR  RESTRAINING ORDER AND OTHER RELIEF** **and to make DR. WIEMER** whole with respect to the requirement that he compensate Counsel due to the misconduct of **DR. RUBINO**;

(6)     Issue a **PERMANENT RESTRAINING ORDER** to **DR. DENISE RUBINO** at this time

to prevent her from  visiting the Clinic facility [at *550 KLONDYKE ROAD (Suite F)*

*LONG BEACH, MS 39560*] and to prevent **DR. RUBINO** from being able to be present

within  One Thousand Feet (1,000') of the Clinic facility at any time for any purpose; and to

require **DR. RUBINO** to refrain from attempting to interfere with the orderly operation of

the Clinic affairs on a day to day basis until further **ORDER** of this Honorable Court; and

the Court is requested to enter a **RESTRAINING ORDER** to prevent contact by **DR.**

**RUBINO** with either of the staff members who are employed by the Clinic for the purpose

of  harassing  either  of  the  staff  members,  being  **LYNN  GILBY**  and/or  **MELISSA**

**JOHNSON** and **DR. RUBINO** should be enjoined from contacting **LYNN GILBY** and/or

**MELISSA JOHNSON** for any purpose during the term of the **RESTRAINING ORDER**

in  order  to  prevent  the  staff  from  being  harassed  or  otherwise  threatened  with  loss  of

employment  or  any  other  adverse  action  which  may  prompt  the  staff  member  to  simply

decide to voluntarily terminate their position with the Clinic, thereby leaving the Clinic in

a position where it is unable to continue orderly operations until such time as a replacement

staff member could be retained and trained.   **FURTHER the RESTRAINING ORDER**

should enjoin **DR. RUBINO** from taking  any action which would adversely reflect upon

**DR. WIEMER** with any third party, agency, or entity including but not limited to Long

Beach Police Department, the Mississippi Medical Board, and/or the United States Drug

Enforcement  Administration,  during  the  pendency  of  the  Restraining  Order.    The

**RESTRAINING ORDER** should likewise apply to any agent, servant or employee of **DR.**

**RUBINO** (other than current staff members at the Clinic) and anyone else in privity with

DR. RUBINO or in concert with **DR. RUBINO**;

(7)    Enter a **JUDGMENT** against **DENISE RUBINO** and *Defendants JOHN DOE 1-5* jointly and severally in a minimum sum and amount of Two Hundred Thousand Dollars ($200,000.00) to indemnify and compensate the Plaintiff for part of the losses he has suffered as a result of loss of his property and expenses incurred in his attempt to retrieve his property after the wrongful conversion of the same by the Defendants; and

(8)    Enter an **ORDER** providing such other relief to **Dr. ROBERT WIEMER**, general or specific, to which he may be entitled in the premises.

***RESPECTFULLY SUBMITTED THIS THE 11th DAY OF February 2016.***

ROBERT WIEMER, MD, PLAINTIFF

By: *R. Wayne Woodall*
R. WAYNE WOODALL
COUNSEL FOR PLAINTIFF

**R. WAYNE WOODALL**
**1918 23RD AVENUE**
**GULFPORT, MS 39501**
**TELEPHONE : (228) 868-5423**
**FACSIMILE: (228) 864-7235**
**MSB# 7374**

# R. WAYNE WOODALL

**Attorney At Law**
1918 23rd Avenue
Gulfport, MS 39501

Telephone: (228) 868-5423                                        Facsimile: (228) 864-7235

February 11, 2016

Honorable John McAdams
Chancery Court Clerk
Post Office Box CC
Gulfport, MS 39501                Via:        **HAND DELIVERY**

FILED

FEB 1 1 2016

John McAdams Chancery Clerk

By_____ D.C.

Re:   **Robert Wiemer MD vs Denise Rubino, M.D. et al.**
      **New Complaint**

Dear Mr. McAdams:

Please find enclosed a *Complaint for Permanent Restraining Order and Other Relief* together with a check in the sum of One Hundred Fifty Three Dollars ($153.00) as filing fee.

A Civil Cover Sheet, as properly executed and completed, is enclosed. with the other documents referenced in this letter.

Also enclosed is a **SUMMONS** form drafted in favor of the Defendant, Denise Rubino.

Please file the Complaint and issue the Summons, returning the Summons form with the personnel who deliver this data.

If you have any comments or questions, please feel free to communicate with me.

Sincerely,

R. Wayne Woodall

RWW/tp

Enclosure:    Civil Cover Sheet
              Check ($153.00)
              **Complaint for Permanent Restraining Order and Other Relief**
              Summons

cc:    Dr. Robert Wiemer

Case: 24CH1:16-cv-00317   Document #: 2-1   Filed: 02/11/2016   Page 1 of 1

## COVER SHEET
### Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court
Administrative Office of Courts

Form AOC/01
(Revised 1/1/2001)

**Court Identification**

Docket Number

| 2 | 4 | C | H | 1 |
County # | Judicial District | Court ID (CH, CI, CO)

| 0 | 2 | 1 | 1 | |
Month | Date | Year

This area to be completed by clerk

**Case Year**
| 2 | 0 | 1 | 6 |

**Docket Number**
| 0 | 0 | 3 | 1 | 7 |
Local Docket ID

Case Number if filed prior to 1/1/94

---

IN THE __CHANCERY__ COURT OF __HARRISON__ COUNTY

Short Style of Case: ROBERT WIEMER MD VERSUS DENISE RUBINO AND JOHN DOES 1-5

Party Filing Initial Pleading: Type/Print Name  R WAYNE WOODALL   Signature _____   MS Bar No _____

☐ Check (✓) if Not an Attorney   ☐ Check (✓) if Pro Hac Vice

Compensatory Damages Sought: $ _____   Punitive Damages Sought: $ _____

*Is Child Support contemplated as an issue in this suit?*  ☐ Yes  ✓ No   If "yes" is checked, please submit a completed Child Support Information Sheet with Final Decree/Judgment

PLAINTIFF - PARTY(IES) INITIALLY BRINGING SUIT SHOULD BE ENTERED FIRST (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL PLAINTIFFS ON SEPARATE FORM

Individual  WIEMER _____ ROBERT _____ ( _____ )  MD
Last Name        First Name        Maiden Name, if Applicable    Middle Init.   Jr/Sr/II/IV

Address of Plaintiff  550 KLONDYKE ROAD SUITE F LONG BEACH, MS 39560

___ Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A / Agency _____

Business _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___ Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A: _____

DEFENDANT - NAME OF DEFENDANT (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL DEFENDANTS ON SEPARATE FORM

Individual  RUBINO _____ DENISE _____ ( _____ )  MD
Last Name        First Name        Maiden Name, if Applicable    Middle Init.   Jr/Sr/II/IV

___ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A / Agency _____

Business _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___ Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:
D/B/A: _____

ATTORNEY FOR THIS DEFENDANT: ____ Bar No. ____ or Name: _____   Pro Hac Vice (✓) ____
(If known)

---

*In left hand column, check one (1) box that best describes the nature of this suit. In right hand column check all boxes which indicate secondary claims.*

**Business/Commercial**
- ☐ Accounting (Business)
- ☐ Bankruptcy
- ☐ Business Dissolution - Corporation
- ☐ Business Dissolution - Partnership
- ☐ Debt Collection
- ☐ Employment
- ☐ Examination of Debtor
- ☐ Execution
- ☐ Foreign Judgment
- ☐ Garnishment
- ☐ Pension
- ☐ Receivership
- ☐ Replevin
- ☐ Stockholder Suit
- ☐ Other

**Domestic Relations**
- ☐ Child Custody/Visitation
- ☐ Child Support
- ☐ Contempt
- ☐ Divorce: Fault
- ☐ Divorce: Irreconcilable Differences
- ☐ Domestic Abuse
- ☐ Emancipation
- ☐ Modification
- ☐ Paternity
- ☐ Property Division
- ☐ Separate Maintenance
- ☐ Termination of Parental Rights
- ☐ UIFSA (formerly URESA)
- ☐ Other

**Contract**
- ☐ Breach of Contract
- ☐ Installment Contract
- ☐ Insurance
- ☐ Product Liability under Contract
- ☐ Specific Performance
- ☐ Other

**Probate**
- ☐ Accounting (Probate)
- ☐ Birth Certificate Correction
- ☐ Commitment
- ☐ Conservatorship
- ☐ Guardianship
- ☐ Heirship
- ☐ Intestate Estate
- ☐ Minor's Settlement
- ☐ Muniment of Title
- ☐ Name Change
- ☐ Power of Attorney
- ☐ Testate Estate
- ☐ Will Contest
- ☐ Other

**Statutes/Rules**
- ☐ Bond Validation
- ☐ Civil Forfeiture
- ☐ Declaratory Judgment
- ☐ ERISA
- ☐ Eminent Domain
- ☐ Extraordinary Writ
- ☐ Federal Statutes
- ✓ Injunction or Restraining Order
- ☐ Municipal Annexation
- ☐ Racketeering (RICO)
- ☐ Railroad
- ☐ Seaman
- ☐ Other

**Appeals**
- ☐ Administrative Agency
- ☐ County Court
- ☐ Hardship Petition (Driver License)
- ☐ Justice Court
- ☐ MS Employment Security Comm'n
- ☐ Municipal Court
- ☐ Oil & Gas Board
- ☐ Workers' Compensation
- ☐ Other

**Children and Minors - Non-Domestic**
- ☐ Adoption - Noncontested
- ☐ Consent to Abortion for Minor
- ☐ Removal of Minority
- ☐ Other

**Torts-Personal Injury**
- ☐ Bad Faith
- ☐ Fraud
- ☐ Loss of Consortium
- ☐ Malpractice - Legal
- ☐ Malpractice - Medical
- ☐ Negligence - General
- ☐ Negligence - Motor Vehicle
- ☐ Products Liability
- ☐ Wrongful Death
- ☐ Other

**Mass Tort**
- ☐ Asbestos
- ☐ Chemical Spill
- ☐ Hand/Arm Vibration
- ☐ Hearing Loss
- ☐ Radioactive Materials
- ☐ Other

**Real Property**
- ☐ Adverse Possession
- ☐ Ejectment
- ☐ Eminent Domain
- ☐ Judicial Foreclosure
- ☐ Lien Assertion
- ☐ Partition
- ☐ Receiver Appointment
- ☐ Tax Sale: Confirmation/Cancellation
- ☐ Title, Boundary &/or Easement
- ☐ Other

**Civil Rights**
- ☐ Elections
- ☐ Habeas Corpus
- ☐ Post Conviction Relief
- ☐ Prisoner
- ☐ Other

**IN THE CHANCERY COURT OF HARRISON COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

ROBERT WIEMER, MD.                                        PLAINTIFF

VERSUS                                                   NO. C2401-16- 00351(1)

DENISE RUBINO and JOHN DOE 1-5                           DEFENDANT


## SUMMONS

### *THE STATE OF MISSISSIPPI*

TO:  **DENISE RUBINO**
     **470 HOLMWOOD LANE**
     **SOLANA BEACH, CA 92075**


### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS**

You are required to mail or hand-deliver a copy of written responses to the Complaint to *R. WAYNE WOODALL*, Attorney for the Plaintiff, whose address is *1918 23RD AVENUE, GULFPORT, MS 39501*. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and Complaint or a Judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

*ISSUED UNDER MY HAND AND SEAL* of said Court, this the 11 day of Feb. _____ 2015

                    JOHN McADAMS, CHANCERY COURT CLERK
                    HARRISON COUNTY

                    By: _____ (Seal)
                            DEPUTY CLERK

## IN THE CHANCERY COURT OF HARRISON COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**ROBERT WIEMER, MD.**                                    **PLAINTIFF**

**VERSUS**                                                **NO. C2401-16-0317(1)**

**DENISE RUBINO**                                         **DEFENDANT**

### NOTICE OF SERVICE OF PLEADINGS

To:   **DENISE RUBINO, MD**
      **470 HOLMWOOD LANE**
      **SOLANA BEACH, CA 92075**

Notice is hereby given that, pursuant to Mississippi Rules of Civil Procedure, the

PLAINTIFF ROBERT WIEMER, MD,, through Counsel of record, **R. WAYNE WOODALL.**,

has on this date served in the above entitled action the following:

### *COMBINED DISCOVERY*

The undersigned retains the originals of the above papers as custodian thereof.

Respectfully submitted this the 14TH day of MARCH 2015.

                                   **ROBERT WIEMER, MD., PLAINTIFF**


                              BY:   */S/   R WAYNE WOODALL*
                                    **R WAYNE WOODALL**

**R. WAYNE WOODALL**
**ATTORNEY AT LAW**
**1918 23rd AVENUE**
**GULFPORT, MS 39502**
**Telephone: (228) 868-5423**
**Telecopier: (228) 864-7235**
**MSB 07374**

## CERTIFICATE OF SERVICE

I, R. Wayne Woodall, do hereby certify that I have this day served via United States Mail, postage prepaid and properly addressed; hand delivery or other permitted delivery a true and correct copy of the foregoing **PLAINTIFF'S COMBINED DISCOVERY - FIRST TRANSMITTAL** to the **DEFENDANT DR. DENISE RUBINO**, at her usual business address of **470 HOLMWOOD LANE** in the City of **SOLANA BEACH, CA 92075** by UNITED STATES MAIL, FIRST CLASS POSTAGE PREPAID, BY **CERTIFIED MAIL RETURN RECEIPT REQUESTED, ITEM NUMBER 7013 1090 0001 4142 8247** on this date.

**Further, I hereby certify** that I have served a true and correct copy of **NOTICE OF SERVICE OF PLEADINGS - PLAINTIFF'S COMBINED DISCOVERY- FIRST TRANSMITTAL** the above and foregoing pleadings through the MEC Electronic Court filing system on this date.

**SO CERTIFIED**, this the 14th day of MARCH 2016.

              **/S/ R WAYNE WOODALL**
              **R. WAYNE WOODALL**

## AFFIDAVIT AND DECLARATION OF DENISE RUBINO

**STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

      **PERSONALLY APPEARED BEFORE ME** the undersigned authority in and for the County and State aforesaid, the within named Denise Rubino, who, after having been duly sworn, deposes and says:

1.      My name is Denise Rubino.

2.      I am domiciled in Solana Beach, San Diego County, California and intend to make my home and work in California for the indefinite future.

3.      I respectfully submit this affidavit to provide the Court with facts and evidence establishing that at the time this lawsuit was filed on February 11, 2016, and at the time this lawsuit was removed to federal court on March 17, 2016, my domicile was and continues to be California.

### Residence and Property in California

4.      I have been a citizen of California since 1985. I have resided in my current Solana Beach, California home since 1992. The address of my home is 470 Holmwood Lane. I do not have any other residences and I have not been in Mississippi since July of 2015.

5.      I use utilities and internet at my Solana Beach, California residence, and my utility bill and internet bill is addressed and sent to me in Solana Beach, California. Attached as Exhibit A is a true and correct redacted copy of the utility bill for month of January, 2016 for my residence from Santa Fe Irrigation District.

6.      I spend every night in California, except for infrequent business travel and vacations. I estimate that during the past year, I have spent no more than 13 weeks outside of

## EXHIBIT 2

California. Whenever I am absent from California, it is always my intent to return home to California.

## Personal and Business Accounts

7.      My credit card statements are addressed and sent to me in Solana Beach, California.  Attached as Exhibit B is a true and correct redacted copy of the first page of my American Express credit card statement for the period ending March 8, 2016 addressed to me in Solana Beach, California.

8.      I maintain a bank account at Citibank.   Attached as Exhibit C are true and correct redacted copies of the cover pages of my most recent Citibank account statements reflecting my Solana Beach, California residence. Attached as Exhibit D is a true and correct redacted copy of Citibank Check No. 5011 reflecting my Solana Beach, California residence.

9.      I currently employ the services of various professionals located near my home in Solana Beach, California, including a primary-care physician.

10.     I have a cellular telephone number with a (858) 518-6069 (California) area code. My Internet services are provided at my Solana Beach, California residence. Attached as Exhibit E are true and correct redacted copies of the cover pages of my most recent Internet services bills, addressed to me in Solana Beach, California.

11.     California has been my permanent home and domicile, and I intend to continue living and working here for the indefinite future.

        ///

        ///

        ///

        ///

PD.19090160.1

12.    This affidavit and declaration is executed on my own free will and accord.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in San Diego, California on _16_ day of March, 2016.

*Denise Rubino*

**DENISE RUBINO**


SWORN TO AND SUBSCRIBED BEFORE ME, on this the _16th_ day of March, 2016.

*Nancy L. Paine*

**NOTARY PUBLIC**


My Commission Expires: _Dec. 12, 2017_

NANCY L. PAINE
Commission # 2051570
Notary Public - California
San Diego County
My Comm. Expires Dec 12, 2017

-SEAL-

PD.19090160.1

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**                    **GOVERNMENT CODE § 8202**

X See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], *not* Notary)

_____     _____
*Signature of Document Signer No. 1*          *Signature of Document Signer No. 2 (if any)*

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |

State of California

County of *San Diego*

*[Notary seal:]*
NANCY L. PAINE
Commission # 2051570
Notary Public - California
San Diego County
My Comm. Expires Dec 12, 2017

Subscribed and sworn to (or affirmed) before me

on this *16th* day of *March*, 20 *16*,

by   _____   _____   _____
        *Date*        *Month*        *Year*

(1) *Denise Rubino* _____

(and  (2)_____ ),
                        *Name(s) of Signer(s)*

proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.

Signature *Nancy L. Paine*

*Signature of Notary Public*

*Seal*
*Place Notary Seal Above*

───────────────────── **OPTIONAL** ─────────────────────

*Though this section is optional, completing this information can deter alteration of the document or*
*fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: *Affidavit + Declaration* Document Date: *3/16/16*

Number of Pages: *3* Signer(s) Other Than Named Above: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5910

**Santa Fe Irrigation District**
P.O. Box 409 | 5920 Linea del Cielo
Rancho Santa Fe, CA 92067-0409

*Office Hours: M-Th 7:30a - 5:00p, F 7:30a - 4:00p*
*Closed every other Friday*

| Account Number: |          |
|-----------------|----------|
| Date Mailed:    | 02/04/16 |
|                 | 02/18/16 |
| Pay this amount: |         |

SFR0203A
4000000121 121/1

DENISE RUBINO
470 HOLMWOOD LANE
SOLANA BEACH CA 92075-1277

Santa Fe Irrigation District
P.O. Box 409
Rancho Santa Fe, CA 92067-0409



| ACCOUNT NUMBER | SERVICE AT |   |
|----------------|------------|---|
|                | 470 HOLMWOOD LN |  |
| DATE MAILED | PENALTY DATE |  |
| 02/04/16 | 02/18/16 |  |

This is to remind you that we have not received your payment. If you feel this reminder is in error for any reason, please notify our office no later than 15 days from the date of mailing notice.

If you would like information regarding installment payments or the availability of financial assistance, call your customer service representative at (858) 756-2424.

**Payment in full must be received or arrangements made by the penalty date at 5:00 p.m.** to avoid penalty of 10% of the original bill and possible termination of service. Postmarks are not considered as the payment date. Bills are payable at the District office, 5920 Linea del Cielo, Rancho Santa Fe.

**EXHIBIT A**   [1/

**JetBlue Card from American Express**

DENISE RUBINO
Closing Date 03/08/16   Next Closing Date 04/07/16

T R U E | jetBlue          p. 1/5
B L U E

Account Ending ▬▬▬

New Balance

Minimum Payment Due

Payment Due Date                                    04/02/16 ‡

‡ **Late Payment Warning:** If we do not receive your Minimum Payment Due by the Payment Due Date of 04/02/16, you may have to pay a late fee of up to $37.00 and your Purchase APR may be increased to the Penalty APR of 27.49%.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges and each month you pay... | You will pay off the balance shown on this statement in about... | And you will pay an estimated total of... |
|---|---|---|
| Only the Minimum Payment Due | 15 months | ▬▬ |

If you would like information about credit counseling services, call 1-888-733-4139.

⟶ See page 2 for important information about your account.

ⓘ Our co-brand card partnership with JetBlue is ending. As a result, starting **March 21, 2016,** your JetBlue Card from American Express cannot be used. Your account may be transferred to Barclaycard. *Please note that if your account is transferred to Barclaycard, any AutoPay payments scheduled to occur on or after March 21, 2016, will be canceled, even if a scheduled AutoPay payment date appears on your billing statement.* For more information please review the letter we have sent you regarding your account or visit **americanexpress.com/jetblueupdate.**

**Earn TrueBlue® points with your Card.**

🖥 For more details about Rewards, please visit **americanexpress.com/rewardsinfo**

**Account Summary**

Previous Balance
Payments/Credits
New Charges
Fees
Interest Charged

New Balance
**Minimum Payment Due**

Credit Limit
Available Credit

Cash Advance Limit
Available Cash

Days in Billing Period: 32

**Customer Care**

🖥 Pay by Computer
americanexpress.com/pbc

Customer Care        Pay by Phone
1-800-906-8864       1-800-472-9297

⟶ See page 2 for additional information.

↓ Please fold on the perforation below, detach and return with your payment ↓

✉ Payment Coupon
Do not staple or use paper clips

🖥 Pay by Computer
americanexpress.com/pbc

📞 Pay by Phone
1-800-472-9297

Account Ending ▬▬▬
Enter 15 digit account # on all payments.
Make check payable to American Express.

DENISE RUBINO
470 HOLMWOOD LN
SOLANA BEACH CA 92075-1277

Payment Due Date
**04/02/16**

New Balance

Minimum Payment Due

☐ Check here if your address or phone number has changed. Note changes on reverse side.

AMERICAN EXPRESS
BOX 0001
LOS ANGELES CA 90096-8000

lldullullulullulululllululullulllulll

$_____ . ___
Amount Enclosed

**EXHIBIT B**

01076120F013
1

February 1 - February 29, 2016
Citigold Account

Page 1 of 4

DENISE RUBINO
470 HOLMWOOD LANE
SOLANA BEACH CA          92075-1277

**CITIGOLD SERVICES**
PO Box 769007
San Antonio, Texas 78245
For banking call: Citigold Services at (888) 248-4465*
For speech and hearing impaired customers only: TTY 800-788-6775.
Website: www.citibank.com

Remittance wires to Banco Salvadoreno and Banco del Austro in Ecuador, and to Banco
Popular Dominicano in the Dominican Republic will be discontinued as of June 1st, 2016.
Our Wire Transfer Service is available with higher fees and different terms either at the
branch or through Citibank Online. Refer to the Client Manual and Marketplace
Addendum for information regarding fees and terms.

Citigold is a service of Citibank, N.A. The following summary portion of the statement is provided for informational purposes.

## Value of Accounts

| | Last Period | This Period |
|---|---|---|
| **Citibank Accounts** | | |
| Checking | | |
| Savings | | |
| Insured Money Market Accounts | | |
| Citigold Relationship Total | | |

## Earnings Summary

| | This Period | This Year |
|---|---|---|
| **Citibank Accounts** | | |
| Checking | | |
| Savings | | |
| Insured Money Market Accounts | | |
| Citigold Relationship Total | | |

* To ensure quality service, calls are randomly monitored and may be recorded.

## Messages From Citigold

Effective February 25, 2016, you can order foreign currency for delivery by the end of the next Business Day to a
Citibank branch you select, or directly to your address on record in the continental U.S. for an additional nominal
charge - no delivery to P.O. Boxes or to locations outside of the continental U.S. Foreign currency is available in more
than 50 different currencies. Daily order limits and cut-off times may apply. For more information about these services,
you may visit Citibank.com, call CitiPhone Banking(r) or 1-800-756-7050.

**EXHIBIT C**



DENISE RUBINO
470 HOLMWOOD LANE
SOLANA BEACH, CA 92075

90-7172 /653
3222

5011

1-18-16

Law Office of Don Tremblay

CITIBANK, N.A. BR. #653
740 LOMAS SANTA FE DR
SOLANA BEACH, CA 92075

⑈⑈32227672⑈⑈

5066

**EXHIBIT D**



DENISE RUBINO
470 HOLMWOOD LN
SOLANA BEACH CA  92075-1277

Page: 1 of 3
Bill Cycle Date: 01/21/16 - 02/20/16
Account: ▉▉▉▉▉

Visit us online at: www.att.com

# U-verse Statement

### Bill-At-A-Glance

Previous Balance

Payment - 02/14 - Thank You!

Adjustments                $0.00

Balance                    $0.00

New Charges

**Total Amount Due**

Amount Due in Full by      Mar 14, 2016



### Service Summary

| Service | Page | Total |
|---|---|---|
| 🏠 Account Charges | 1 | |
| 📺 U-verse TV | 2 | |
| 🌐 U-verse Internet | 2 | |
| **Total New Charges** | | |

### 🏠 Account Charges

**Monthly Charges** - Feb 21 thru Mar 20
1. High Speed Internet Equipment Fee
**Total Monthly Charges**

**Other Charges and Credits**
One-Time Charges
   Date    Description
2. 02/22  Late Payment Charge 02/11/2016

Surcharges and Other Fees
3. CA Local Video Facilities Fee
4. CA Local Video Service Franchise Fee
Total Surcharges and Other Fees

Government Fees and Taxes
5. CA County District Sales Tax
6. CA County Sales Tax
7. CA State Sales Tax
Total Government Fees and Taxes

**Total Other Charges & Credits**

**Total Account Charges**

**Manage Your Account:**
Online: att.com/myatt
Mobile App: att.com/myattapp
Support: 800 288-2020
TTY: 600 651-5111

For important Information about your bill, please
see the **News You Can Use** section (Page 2).

Return bottom portion with your check in the enclosed envelope.
Payments may take 7 days to post.

**DUE BY: Mar 14, 2016**

AT&T U-verse(SM) Services provided by AT&T California.



Account Number ▉▉▉▉▉
Please include account number on your check.

☐ CHECK FOR AUTO PAY
   (SEE REVERSE)

DENISE  RUBINO
470 HOLMWOOD  LN
SOLANA  BEACH  CA  92075-1277

Make checks payable to:
AT&T
PO BOX  5014
CAROL  STREAM,  IL 60197-5014



**EXHIBIT E**