## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**ROBERT WIEMER, MD**                                                              **PLAINTIFF**

**v.**                                                              **CAUSE NO. 1:16CV99-LG-RHW**

**DENISE RUBINO and JOHN DOE 1-5**                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION TO REMAND AND GRANTING IN PART
## AND DENYING IN PART PARTIAL MOTION TO DISMISS

BEFORE THE COURT are the Motion [11] to Remand filed by plaintiff Dr.
Robert Wiemer, and the Partial Motion [5] to Dismiss filed by defendant Dr. Denise
Rubino.  The Motion to Dismiss has been fully briefed, but Dr. Weimer did not file a
reply in support of his remand motion.  After due consideration, the Court finds
that the parties are fully diverse, and therefore remand is not warranted.
Accordingly, the Motion to Remand will be denied.  Additionally, Dr. Rubino has
shown that the allegations of the Complaint are insufficient to support Dr.
Weimer's demand for various forms of injunctive relief.  Therefore, the Motion to
Dismiss will be granted in part and denied in part.

### Background

Dr. Weimer filed this "Complaint for Permanent Restraining Order and
Other Relief" in the Chancery Court of Harrison County, Mississippi.  He alleges
that in 2011, he formed Gulf Functional Medicine LLC, and began his medical
practice out of a Clinic in Long Beach, Mississippi.  He alleges that from time to
time, Dr. Rubino, who was licensed to practice in 2013, would also provide medical

services at the Clinic.

Dr. Weimer alleges that he took sixty percent of the Clinic proceeds in salary and left the remainder in a fund for Clinic expenses.  He alleges that some personal expenses of Dr. Rubino were paid from the Clinic expenses fund.  (Compl. 5, ECF No. 1-1).  Also, Dr. Weimer would occasionally give Dr. Rubino money out of the Clinic expenses fund "so that she could save those funds for future potential business needs and for future investment as may be needed later."  (*Id*. at 4).  He alleges these funds belonged to him but were placed in "safekeeping" with Dr. Rubino, and he would occasionally have Dr. Rubino return funds to him.  (*Id*.).  Dr. Rubino allegedly took the position that these returned funds were a loan to Dr. Weimer, which he was obligated to repay to her.

The LLC was dissolved on December 20, 2014, at which time both physicians were operating as sole proprietors when they provided medical services at the Clinic.  (*Id*. at 6).  Dr. Rubino moved to California in March 2015, and advised Dr. Weimer in June 2015 that she desired to terminate their business relationship.  She requested her "fair share" of the business assets.  (*Id*. at 7).

In late June 2015, Dr. Rubino went to the Clinic when Dr. Weimer was not present and took the Clinic expense fund checkbook, other financial records, and Clinic keys.  She is alleged to have removed money from the Clinic expense fund. She is also alleged to have broken into Dr. Weimer's nearby storage areas, and removed a safe and antique firearms and supplies.  In what may have been a second visit on June 24, 2015, Dr. Rubino unsuccessfully attempted to have Dr. Weimer

-2-

arrested by the Long Beach Police Department for embezzlement of Clinic funds. (*Id*. at 14).  Dr. Rubino also allegedly threatened to make false reports concerning Dr. Weimer to the Drug Enforcement Administration and the Mississippi Medical Board.

Dr. Weimer seeks return of the property taken by Dr. Rubino, compensatory damages, and comprehensive injunctive relief that would forbid Dr. Rubino from coming close to the Clinic, speaking about the Clinic or Dr. Weimer, or taking any action regarding the Clinic or Dr. Weimer.  (*See id*. at 9-27).

After Dr. Rubino removed the case to this Court, she moved to dismiss any claims made on behalf of the Clinic and all of the requests for injunctive relief.  Dr. Weimer subsequently moved to remand.

DISCUSSION

## 1. The Motion to Remand

This case was removed from the Chancery Court of Harrison County, Mississippi on the basis of diversity jurisdiction.  (Notice of Removal 2 (¶3), ECF No. 1).  In addition to Dr. Rubino, who is alleged to be a resident of California, Dr. Weimer has also named five fictitious individual defendants whom he claims were involved in the alleged conversion, all of whom are residents of Mississippi.  Dr. Weimer argues that the case must be remanded because he has alleged viable claims against the five allegedly non-diverse individuals.  The removing defendant bears the burden of demonstrating that the federal court has jurisdiction.  *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

Federal courts have original jurisdiction over actions where the amount in controversy, exclusive of costs and interest, exceeds $75,000 and complete diversity of citizenship exists between all plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978). While a federal court must remand a civil action to state court if it lacks subject-matter jurisdiction at any time before final judgment is entered, 28 U.S.C. § 1447(c), for the purpose of determining whether the parties are completely diverse, a court must examine the parties' citizenship at the time the lawsuit is commenced. *Harris v. Black Clawson Co.,* 961 F.2d 547, 549 (5th Cir. 1992) ("Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time suit was filed.") (citation omitted); *Seafoam, Inc. v. Barrier Sys., Inc.,* 830 F.2d 62, 67 (5th Cir. 1987) ("It is well established law that the jurisdiction of a federal court sitting in diversity is determined as of the time of filing of the complaint.").

When a non-diverse party is named as a defendant, a federal court usually lacks subject-matter jurisdiction and the case may not be removed from state court. This proscription does not apply when the non-diverse party is fictitious, however. The removal statute provides, in pertinent part, "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). The language of the statute clearly does not allow the Court to consider the citizenship of John Does 1-5 in determining whether diversity jurisdiction existed at the time this case was removed. *See Vaillancourt v.*

-4-

*PNC Bank, Nat'l Ass'n.,* 771 F.3d 843, 848 n.38 (5th Cir. 2014) (quoting the language of § 1441 in noting that there would be diversity jurisdiction even if claims had been asserted against the fictitiously-named non-diverse defendants in that case).  Accordingly, the removing defendant has shown that this Court had diversity jurisdiction at the time of removal.  The Motion to Remand will be denied.

## 2.  The Motion to Dismiss

Dr. Wiemer's Complaint requests compensatory damages and attorney's fees for his alleged injuries, and he seeks the return of financial records and funds belonging to the Clinic allegedly taken by Rubino.  (Notice of Removal Ex. 1 at 24, 25, ECF No. 1-1).  He also seeks the return, or cash equivalent, of certain personal property belonging to him allegedly taken by Rubino.  (*Id*. at 25).  He further seeks a restraining order to forbid Rubino or her agents from being within 1000 feet of the Clinic, contacting any Clinic employees, or "taking any action which would adversely reflect upon Dr. Weimer with any third party, agency, or entity. . . ."  (*Id*. at 26, 27).

Dr. Rubino argues that Dr. Weimer lacks standing to bring any claims asserted on behalf of the Clinic, because "the Clinic" refers to Gulf Functional Medicine, LLC, which had been operating the Clinic until it was dissolved on December 20, 2014.  Dr. Rubino also argues that Dr. Weimer has not pled the necessary elements to show that he is entitled to any form of injunctive relief.  In particular, Dr. Weimer asserts that Dr. Rubino cannot be required to "clear" with a Court-appointed arbitrator any proposed allegations concerning Dr. Weimer she

might make to an administrative agency or law enforcement agency.

A.  Standard of Review

The familiar standard for Rule 12(b)(6) requires the Court to "'accept[] all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff.'" *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)).  However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

B.  Standing

The standing doctrine is a threshold inquiry to adjudication, which defines and limits the role of the judiciary.  *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003) (citing *Warth v. Seldin*, 422 U.S. 490, 517-18 (1975)).  It is well settled that unless a plaintiff has standing, a federal district court lacks subject-matter jurisdiction to address the merits of the case.  In the absence of standing, there is no "case or controversy" between the plaintiff and defendant which serves as the basis for the exercise of judicial power under Article III of the Constitution.  *Warth*, 422 U.S. at 498-99.

-6-

The "irreducible constitutional minimum of standing contains three elements": "[T]he plaintiff must have suffered an injury in fact," "there must be a causal connection between the injury and the conduct complained of," and "it must be likely . . . that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "[E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation." *Id.* at 561. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Id.* (quoting *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 889 (1990)); *see also Little v. KPMG LLP,* 575 F.3d 533, 540 (5th Cir. 2009) ("At the pleading stage, allegations of injury are liberally construed."). "It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Renne v. Geary,* 501 U.S. 312, 316 (1991).

Dr. Rubino argues that Dr. Weimer does not have standing to bring claims on behalf of the Clinic, because these claims belong to the Clinic, or Gulf Functional Medicine Institute, LLC. Furthermore, the LLC cannot bring the claims because it was administratively dissolved prior to the filing of the Complaint.

The allegations of the Complaint concern actions taken by Dr. Rubino after

dissolution of the LLC. (*See* Notice of Removal Ex. 1 at 6-7, ECF No. 1-1). Dr. Weimer alleges that both he and Dr. Rubino were operating the Clinic as individual proprietors by that time. While Dr. Weimer clearly makes allegations concerning his personal property (such as firearms), the Court understands his references to property of the Clinic to also concern his personal property. There was no LLC in existence that could have owned the property at the time Dr. Rubino is alleged to have taken it, and the Clinic is not a separate legal entity. Dr. Weimer perhaps imprecisely alleges that property of the Clinic has been affected by Dr. Rubino's actions, but the Clinic property is necessarily owned by the sole proprietors. The Court therefore concludes that Dr. Weimer has adequately alleged facts demonstrating that he has standing to bring his claims. The Motion to Dismiss on this basis will be denied.

C. Injunctive Relief

To obtain any sort of injunctive relief, the applicant must show: (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm to the party whom the applicant seeks to enjoin, and (4) that granting the injunction will not disserve the public interest. *Cardoni v. Prosperity Bank*, 805 F.3d 573, 579 (5th Cir. 2015). For purposes of this 12(b)(6) motion, the Court merely examines the sufficiency of the allegations regarding these elements. The issue of whether Dr. Weimer has clearly carried the burden of persuasion on all four requirements and injunctive relief

-8-

should therefore be granted is not before the Court.

Likelihood of Prevailing on the Merits

"It is well settled that an injunction is a remedy.  A claim for injunctive relief does not stand alone, but requires a viable underlying legal claim." *Horne v. Time Warner Operations, Inc.*, 119 F. Supp. 2d 624, 630 (S.D. Miss. 1999), aff'd sub nom. *Horne v. Time Warner Operations*, 228 F.3d 408 (5th Cir. 2000).  Dr. Rubino argues that Dr. Weimer has not shown a substantial likelihood that he will prevail on either of the two claims he has alleged – conversion and disruption of business affairs.  However, Dr. Weimer need not demonstrate a substantial likelihood of success on the merits in order to survive this Rule 12(b)(6) motion; he must allege facts sufficient to make his underlying claims plausible in order to meet his burden. *See Strain v. Gulf Coast Shipyard Grp., Inc.*, 126 F. Supp. 3d 793, 796-97 (S.D. Miss. 2015).

*Conversion*

Under Mississippi law, "there is a conversion only when there is an 'intent to exercise dominion or control over goods which is inconsistent with the true owner's right.'" *Wilson v. Gen. Motors Acceptance Corp.*, 883 So. 2d 56, 69 (Miss. 2004) (quoting *First Investors Corp. v. Rayner,* 738 So. 2d 228, 234 (Miss. 1999)).  "While intent is necessary, it need not be the intent to be a wrongdoer." *Id.*  Dr. Weimer alleges that Dr. Rubino is intentionally exercising control over property belonging to him, including financial records, keys, and antique weapons.  He has stated a claim for conversion.

-9-

*Disruption of Business Affairs*

"Disruption of business affairs" is not a tort in Mississippi.  Dr. Rubino asserts, without objection from Dr. Weimer, that the allegations should be construed instead as a claim of tortious interference with business relationship. The allegations are that Dr. Rubino appeared at the Clinic, made "unreasonable and strange demands" on Dr. Weimer and the staff, and attempted to have Dr. Weimer arrested by Long Beach police officers.  (Notice of Removal Ex. 1 at 13, 14, ECF No. 1-1).  Allegedly, Dr. Rubino was successful in having staff members assist her in removing a safe belonging to Dr. Weimer.  In the Court's view, these allegations do not state a claim for tortious interference with business relationship, because that tort involves the relationship between a business and its customer. *See Par Indus., Inc. v. Target Container Co.*, 708 So. 2d 44, 48 (Miss. 1998) ("Tortious interference with business relations occurs when a person unlawfully diverts prospective customers away from one's business, and this tort is sometimes referred to as 'malicious injury to business.'").  The only tort claim the Court discerns in the above allegations is  conversion, pertaining to the removal of Dr. Weimer's safe.  The remainder of the allegations do not constitute any tort the Court is aware of.  For this reason, Dr. Weimer has not stated a "disruption of business affairs" or tortious interference with business relationship claim.

Substantial Threat of Irreparable Injury

"The central inquiry in deciding whether there is a substantial threat of irreparable harm to the plaintiff is whether the plaintiff's injury could be

compensated by money damages." *Union Nat'l Life Ins. Co. v. Tillman,* 143 F. Supp. 2d at 638, 644-45 (N.D. Miss. 2000) (citing *City of Meridian v. Algernon Blair, Inc.,* 721 F.2d 525, 529 (5th Cir. 1983)).  Dr. Weimer's injuries due to the alleged conversion could clearly be compensated by money damages.  Further, to the extent that Dr. Weimer claims his business is suffering because of the conversion of the Clinic checkbook and other records, the Supreme Court has held that mere loss of income and injury to reputation are insufficient grounds to support a finding of irreparable injury.  *Sampson v. Murray*, 415 U.S. 61, 88 (1974).  *See also Digital Gen., Inc. v. Boring*, 869 F. Supp. 2d 761, 781 (lost salary and financial distress are typically considered the type of injury that are compensable after a trial on the merits).  Dr. Weimer has not alleged an irreparable injury that can be remedied by an injunction.  Since Dr. Weimer's allegations do not show a plausible threat of irreparable injury, there is no need for the Court to examine the remaining injunctive relief elements.  *See Roho, Inc. v. Marquis*, 902 F.2d 356, 361 (5th Cir. 1990); *Barton v. Huerta*, 613 F. App'x 426, 427 (5th Cir. 2015).  The Motion to Dismiss the demand for injunctive relief will be granted.

## CONCLUSION

The presence of non-diverse fictitious defendants is not a basis for remand of this case, and therefore Dr. Weimer's Motion to Remand is denied.  The Court declines to dismiss any claims made on behalf of the Clinic, as Dr. Weimer alleges he operated the Clinic as a sole proprietor at the time of the injury.  However, Dr.

-11-

Weimer's allegations do not show that he will be entitled to injunctive relief in any form as a remedy for his injury.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [11] to Remand is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Partial Motion [5] to Dismiss is **GRANTED IN PART AND DENIED IN PART** as set out above.

**SO ORDERED AND ADJUDGED** this the 19th day of May 2016.

s\ *Louis Guirola, Jr.*

Louis Guirola, Jr.
Chief U.S. District Judge