IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT WIEMER, MD**     **PLAINTIFF**

v.     **CAUSE NO. 1:16CV99-LG-RHW**

**DENISE RUBINO, ET AL.**     **DEFENDANTS**

## ORDER STRIKING MULTIPLE DISPOSITIVE MOTIONS

THIS CAUSE comes before the Court for consideration of the seven dispositive motions recently filed by the plaintiff, seeking dismissal of counterclaims filed by Defendant Rubino. [ECF Nos. 120, 122, 124, 126, 128, 130, 132]. The seven motions are accompanied by eighty-four pages of briefing. Pursuant to Local Rule 7(b)(5), a "[m]ovant's original and rebuttal memorandum briefs together may not exceed a total of thirty-five pages." In his initial briefing, the plaintiff has already filed twice the number of pages allowed for his original and rebuttal memorandum together. The plaintiff did not seek leave of this Court to exceed the page limit set by Local Rule 7(b)(5).

The Court finds that the filings are an attempt to circumvent the page limitations set forth in the local rules. *See Harvey v. Caesars Entm't Operating Co., Inc.*, No. 2:11CV194-NBB-SAA, 2014 WL 12656553, at *3 (N.D. Miss. Aug. 22, 2014). Page limits are "circumvented when a party distributes its separate but related contentions and legal challenges over several dispositive motions, each of which is accompanied by a brief that approaches the . . . page limit." *Thomas v. Firerock Prod., LLC*, No. 3:13CV109-DMB-JMV, 2014 WL 12541627, at *1 (N.D. Miss. Oct.

14, 2014) (quoting *Welker Bearing Co. v. PHD, Inc.*, No. 06-13345, 2007 WL 1647878, at *1 (E.D. Mich. June 4, 2007) and citing *Rainbow Nails Enters., Inc. v. Maybelline, Inc.*, 93 F. Supp. 2d 808, 810 n.1 (E.D. Mich. 2000) (noting that filing separate motions addressing only certain counts of the complaint was effort "to create the illusion of compliance with the Local Rules")).

"Where a party seeks to circumvent a page-limit by filing multiple dispositive motions, the proper course is to strike the motions and direct the filing of 'a single consolidated motion and brief in support, combining all . . . arguments in a single filing.'" *Thomas*, 2014 WL 12541627, at *1 (quoting *Welker Bearing Co.*, 2007 WL 1647878, at *1). "This practice is justified by the fact that 'a single filing, even if somewhat over the . . . page limit, is vastly preferable to a profligacy of motions – which . . . invariably triggers multiple responses and replies, supported by escalating rounds of overlapping arguments and duplicative exhibits.'" *Id.* Enforcement of the local rules by striking non-complying filings is a matter within the Court's discretion. *See United States v. Rios-Espinoza*, 591 F.3d 758, 760 (5th Cir. 2009).

The Court will therefore strike all pending dispositive motions filed by the plaintiff [120, 122, 124, 126, 128, 130, 132]. The plaintiff shall have twenty-one days from the entry of this Order to file one dispositive motion addressing all of his grounds for dismissal. The response and reply shall be filed within the time allowed by the Local Rules. If any party believes it is unable to adequately brief the issues within the page limitations of Local Rule 7(b)(5), the party shall seek leave of Court

prior to filing memorandum briefs exceeding the limitations.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the dispositive motions filed by the plaintiff [120, 122, 124, 126, 128, 130, 132] are hereby **STRICKEN**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the plaintiff is granted twenty-one days from the entry of this Order to file one salient dispositive motion and supporting brief.

**SO ORDERED AND ADJUDGED** this the 18th day of August 2017.

s\ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief U.S. District Judge