IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ROBERT WIEMER, M.D.                                PLAINTIFF/COUNTER-DEFENDANT

v.                                                                CAUSE NO. 1:16CV99-LG-RHW

                                                                               DEFENDANT/
DENISE RUBINO and JOHN DOES 1-5                         COUNTER-PLAINTIFF

### ORDER STAYING BRIEFING AND REQUIRING COMPLIANCE WITH COURT'S ORDERS REGARDING DISCOVERY

THIS CAUSE is before the Court for consideration of motions filed after the Court granted a default judgment to Defendant Denise Rubino. (*See* ECF No. 161). The Court found Rubino was entitled to default judgment on her counter-claims against Weimer as a sanction for his failure to comply with numerous orders of the Court. (*Id*. at 8-9). Since that occurred, Weimer obtained new counsel who requested that the Court reconsider the default judgment sanction. (Pl. Mot. for Reconsideration, ECF No. 166). Weimer asserted that he should not be held responsible for what he contends were his former counsel's multiple failures to comply with discovery orders and failure to pay a monetary sanction. Weimer asserts that in most cases, his failures were caused by simply being unaware of what he needed to do. He contends that he did not check his email regularly and did not know that motions were pending against him or that he had committed discovery violations until he hired new counsel.[1] He states that he now understands he needs

---

[1] Weimer does not explain how he attended a settlement conference with Magistrate Judge Walker in October 2017 but was unaware of the developments in his case until his new counsel made an appearance two months later.

to check his email regularly and is fully committed to participating in the discovery process. (*Id.* at 3).

In order to respond to Weimer's allegations that faulty communications were the cause for his discovery violations, Rubino requested pertinent documents. (*See* Notice of Intent to Serve Subpoena to Produce Documents, ECF No. 167). Weimer's former counsel filed a Motion to Quash, (ECF No. 169), asserting attorney-client privilege. Rubino then requested additional time to respond to Weimer's Motion to Reconsider, until she was able to obtain the discovery she requested concerning former counsel's communications with Weimer. (Mot. Ext. Time, ECF No. 170).

Before the parties and the Court take up Weimer's substantive grounds for reconsideration or address this new discovery dispute, it is the Court's opinion that Weimer must purge himself of the well-documented discovery violations that have already taken place. Regardless of who is at fault, discovery remains unproduced and the monetary sanction remains unpaid. Accordingly, all further briefing in this case will be stayed until the Court is notified in writing that Weimer has provided to Rubino: 1) tax records initially requested in April 2017 and required by the Court's September 13, 2017 Order (ECF No. 144); 2) payment of the $300 sanction as required by the Court's September 13, 2017 Order (ECF No. 144); and 3) all medical practice records as required by the Court's Orders entered August 2, 2017. (ECF Nos. 112, 113).

**IT IS THEREFORE ORDERED AND ADJUDGED** that briefing on any pending motion is stayed until further order of the Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff/Counter-Defendant Robert Wiemer, M.D. shall transmit to Defendant/Counter-Plaintiff Denise Rubino the documents and payment set out above on or before **FEBRUARY 28, 2018.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Denise Rubino shall notify the Court in writing of the status of Robert Weimer's compliance with this Order or before **MARCH 2, 2018**.

**SO ORDERED AND ADJUDGED** this the 12th day of February 2018.

s\ *Louis Guirola, Jr.*
Louis Guirola, Jr.
U.S. District Judge