# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**ROBERT WIEMER, MD**  PLAINTIFF

**v.**  **1:16CV99-LG-RHW**

**DENISE RUBINO, ET AL.**  DEFENDANT

## ORDER GRANTING MOTION FOR SANCTIONS

BEFORE THE COURT is the [186] Motion For Sanctions Pursuant To FRCP 11 And The Mississippi Litigation Liability Act, filed by Dr. Denise Rubino.  The Motion has been fully briefed.  After due consideration of the issues presented, the record, and the relevant law, it is the Court's decision to grant the requested sanctions of attorneys' fees and costs.  Attorney Nathan Prescott will be required to pay to Dr. Rubino the reasonable fees and costs of the motion to reconsider he filed on behalf of Robert Wiemer, MD.

DISCUSSION

Dr. Rubino filed this Motion after Dr. Wiemer, through his counsel Nathan Prescott, filed a [166] Motion for Reconsideration of the Court's order granting Dr. Rubino a default judgment on her counterclaims against Dr. Wiemer and dismissing Dr. Wiemer's claims against her.  (Mem. Op. & Order Granting Mot. To Dismiss, Nov. 20, 2017, ECF No. 161.)  The Motion to Reconsider asserted that Dr. Wiemer had committed multiple and serious discovery violations only because he did not communicate well with his previous counsel and was unaware of his discovery violations.  The Court found that the Motion was meritless.  (Mem. Op &

Order Denying Mot. to Reconsider & Set Aside Aug. 14, 2018, ECF No. 193.) Many of the statements in the Motion and Dr. Wiemer's supporting affidavit had been demonstrated by the record of communications to be untrue; thus the sanctions of default judgment and dismissal were appropriate. (*Id.* at 12.)

Dr. Rubino seeks the costs she incurred responding to the motion to reconsider, because Dr. Wiemer's counsel knew or should have known through the exercise of diligence required by Federal Rule of Civil Procedure 11 and the Mississippi Litigation Accountability Act (MLAA) that the statements and arguments had no basis in fact. Specifically, Prescott had received the emails between Dr. Wiemer and his previous counsel before filing the motion to reconsider, and the emails showed that Dr. Wiemer's version of events was not true.

Prescott made his appearance in the case on December 21, 2017, and was granted until February 2, 2018 to file his motion to reconsider. (Order, Jan. 17, 2018, ECF No. 165.) Prescott asserts that this short time frame caused him to rely on what Dr. Wiemer told him rather than conduct an investigation into the facts. Thus, although he received the email communications between Dr. Wiemer and his previous attorney on January 17, 2018, he "overlooked some emails and relied more heavily on the averments of his client" for the content of Dr. Wiemer's affidavit supporting the motion to reconsider. (Wiemer Resp. 12, ECF No. 190.) Prescott asserts that Dr. Wiemer's affidavit "would likely be slightly altered" if Prescott had not overlooked certain emails, and Dr. Wiemer "stands by the veracity of his affidavit." (*Id.* at 16.)

- 2 -

## A. Rule 11

Dr. Rubino argues that Prescott filed the Motion to Reconsider in violation of Fed. R.. Civ. P. 11, which prohibits both the filing and the "later advocating" of motions lacking evidentiary support for their factual contentions.[1] The Fifth Circuit has noted that "[a]n attorney may escape sanctions under [R]ule 11 if he had to rely on a client for information about the facts underlying the pleadings." *St. Amant v. Bernard*, 859 F.2d 379, 383 n.15 (5th Cir.1988). In *St. Amant*, the court summarized the three duties that Rule 11 places on attorneys:

> (1) counsel must make a reasonable inquiry into the factual basis of any pleading, motion, or other paper; (2) counsel must make a reasonable inquiry into the law; and (3) counsel must not file a pleading, motion, or other paper intended to delay proceedings, harass another party, or increase the costs of litigation.

---

1 **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

*Id.* at 382. To determine whether the attorney has reasonably inquired into the facts, a court may consider, among other factors, the time available for investigation, the extent of attorney's reliance on client for factual support, the feasibility of prefiling investigation, and the complexity of factual and legal issues. *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 875 (5th Cir. 1988).

In this case, the Court finds that Prescott did not reasonably inquire into the facts underlying the motion to reconsider. Dr. Wiemer asserted that his failures to provide discovery and comply with court orders occurred because his former counsel did not inform him of developments in the case, or explain what he was required to do or provide. As the Court explained in the Order denying reconsideration, the emails between Dr. Wiemer and his former counsel clearly show 1) his knowledge of the developments in the case as they occurred; and 2) former counsel's repeated attempts to instruct him on precisely what he needed to do to comply with his discovery obligations and the Court's orders. Prescott had these emails for about two weeks before the deadline for filing the motion for reconsideration. The emails are not complex, and although there are numerous pages, many emails are duplicated – some more than once. It was not reasonable for Prescott to heavily rely on what Dr. Wiemer told him about the communications with his counsel when Prescott had the communications themselves well before he filed the motion. *See Barrett-Bowie v. Select Portfolio Servicing, Inc.*, 631 F. App'x 219, 221 (5th Cir. 2015) (filing pleadings alleging that bank did not own or hold note after counsel had seen the original note indorsed to bank violated Rule 11).

- 4 -

Even if two weeks was not enough time to review the emails, Prescott was certainly alerted to the conflicts between the evidence and the assertions in the motion for reconsideration by Dr. Rubino's response in opposition and this Rule 11 Motion. Prescott admitted that the emails were "unfavorable," but he did not attempt to withdraw clearly untrue claims in the motion to reconsider. For these reasons, the Court finds that Prescott violated Rule 11 in filing and continuing to advocate for the motion to reconsider. The motion wasted the time and effort of both the Court and opposing counsel, and delayed the default judgment hearing that would have brought this case to a close.

A separate hearing on the question of the appropriateness of sanctions is not necessarily required. *See Markwell v. Cty. of Bexar*, 878 F.2d 899, 903 (5th Cir. 1989); *Veillon v. Exploration Servs., Inc.*, 876 F.2d 1197, 1201-02 (5th Cir. 1989). In *Veillon*, the Fifth Circuit noted that due process requires that an attorney have fair notice of the possible imposition of Rule 11 sanctions and of the reason for their imposition. 876 F.2d at 1201-02 (citing *Donaldson v. Clark*, 819 F.2d 1551, 1559-60 (11th Cir. 1987)). "Notice may be in the form of a personal conversation, an informal telephone call, a letter, or a timely Rule 11 motion." *Thomas*, 836 F.2d at 880.

Prescott received ample notice. After he filed the motion to reconsider, counsel for Dr. Rubino sent him an email detailing "just some of the misrepresentations and false statements in the motion and affidavit." (Rubino Mot.

- 5 -

Ex. B, at 1, ECF No. 186-2.) Counsel asked Prescott to withdraw the motion to reconsider or face a Rule 11 motion. (*Id.* at 2.) Thereafter, Dr. Rubino's counsel provided the formal Rule 11(c) notice allowing Prescott twenty-one days to withdraw the motion to reconsider. (Rubino Mot. Ex. C, ECF No. 186-3.) The Rule 11 motion and Dr. Rubino's brief in opposition to the motion to reconsider address the false factual assertions in the motion to reconsider. And finally, "Rule 11 alone should constitute sufficient notice of the attorney's responsibilities" in the context of a pleading without a basis in fact. *Veillon*, 876 F.2d at 1202.

The Court therefore will assess sanctions against Prescott, without a separate hearing, in the form of attorneys' fees and costs incurred by Dr. Rubino as a result of the motion to reconsider. Counsel for Dr. Rubino may file a properly supported motion for reasonable attorneys' fees and expenses.

### B. Mississippi Litigation Accountability Act

Dr. Rubino also seeks sanctions under the MLAA, which allows a district court to award sanctions under state law in cases such as this one, originally filed in state court but removed to federal court. *See Payne v. Univ. of S. Miss.*, No. 1:12-CV-41-KS-MTP, 2015 WL 3549862, at *4 (S.D. Miss. June 5, 2015), *aff'd* 681 F. App'x 384 (5th Cir. 2017). The statute requires that the court award

> reasonable attorney's fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct . . . .

Miss. Code Ann. § 11-55-5(1) (emphasis added). "[T]his standard is substantially the same as the standard that applies to the imposition of sanctions under Fed. R. Civ. P. 11 . . . , but the MLAA . . . imposes a continuing duty to abandon a claim if it later proves to be ill founded." *Abney v. State Farm Fire & Cas. Co.,* No. 1:07cv711-LTS-RHW, 2008 WL 2331098, at *5 (S.D. Miss. June 4, 2008). Because the Court has already assessed attorneys' fees and costs resulting from the motion to reconsider under Rule 11, there is no additional or alternative award to be made under the MLAA.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [186] Motion For Sanctions Pursuant To FRCP 11 And The Mississippi Litigation Liability Act, filed by Dr. Denise Rubino, is **GRANTED**. Dr. Rubino may file a properly supported motion for attorneys' fees and costs for the reasonable expenses incurred for preparing the Rule 11 motion, the reply in support of the Rule 11 motion, and the opposition to the motion to reconsider, within ten days of the date of this Order.

**SO ORDERED AND ADJUDGED** this the 23rd day of January, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE