# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**ROBERT WIEMER**                                                                 **PLAINTIFF**

v.                                                                  CAUSE NO. 1:16CV99-LG-RHW

**DENISE RUBINO**                                                                **DEFENDANT**

## ORDER DENYING MOTION FOR NEW TRIAL
## OR TO ALTER OR AMEND JUDGMENT

BEFORE THE COURT is the [229] Motion for New Trial or to Alter or Amend a Judgment filed by Dr. Robert Wiemer. Wiemer objects to the Court's entry of a [206] Default Judgment against him after a hearing conducted to establish the appropriate form and amount of damages. Wiemer brings this motion pursuant to Federal Rule of Civil Procedure Rule 59(a) and 59(e). Dr. Rubino filed a response in opposition. After due consideration, the Court finds that Wiemer's Motion should be denied.

1. **Motion for a New Trial**

Wiemer first argues that he was denied due process when presented with Rubino's Sworn Statement in Support of Damages one hour before the hearing. The Sworn Statement is essentially an accounting of all damages Rubino alleged flowed from her successful claims against Wiemer. (*See* ECF No. 196.) Wiemer argues that his counsel was denied an adequate opportunity to review the Sworn Statement or its attachments before the hearing, and therefore was denied adequate notice of Rubino's allegations.

Rubino responds that the Sworn Statement was introduced into evidence during the hearing to substantiate her damages demand, which was the purpose of the hearing. There was no requirement imposed by a rule or the Court that she produce it prior to the hearing. Rubino could have simply entered it into evidence without any prior notice at all to counsel opposite. Rubino argues that Wiemer was not denied due process when the Court denied his counsel additional time to review the Sworn Statement at the beginning of the damages hearing.

A district court may grant a new trial under Federal Rule of Civil Procedure 59(a) when it is necessary "to prevent injustice." *Stafford v. Lamorak Ins. Co.*, 754 F. App'x 241, 243 (5th Cir. 2018). Although Rule 59(a) does not delineate precise grounds for granting a new trial, the Fifth Circuit has held that Rule 59(a) allows the district court to grant a new trial if it "finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985). "The decision to grant or deny a motion for new trial is a matter for the trial court's discretion; [and the appellate court] will reverse its ruling only for an abuse of discretion." *Seibert v. Jackson Cty.*, 851 F.3d 430, 438 (5th Cir. 2017).

There is no showing of grounds for a new trial in this case. Rubino's allegations against Wiemer not only set out the type of damages she sought for each claim, but also quantified them when possible. (*See* 1st Am. Answer, Affirmative Defenses & Counterclaim 18-34, ECF No. 49.) Rubino's Sworn Statement provided

documentary support for her damage allegations. Under these circumstances, Wiemer cannot show that the Sworn Statement resulted in prejudice to Wiemer or an unfair proceeding. The Court will exercise its discretion to deny Wiemer's request for a new trial.

**2. Motion to Alter or Amend Judgment**

Wiemer makes mention of an alternative request for relief – that the Court "alter or amend the default judgment so as to comport with the evidence presented, pursuant to [Fed. R. Civ. P.] Rule 59(e)." (Wiemer Mot. 2, ECF No. 229.) "A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica Cty.*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). It is "an extraordinary remedy that should be used sparingly." *Id.* Before filing a Rule 59(e) motion, a party "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625,

626 (S.D. Miss. 1990). The Court's decision on a Rule 59(e) motion is reviewed only for abuse of discretion. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

Wiemer makes a bare-bones assertion that "[t]he findings of fact by the Court which were cited in support of a Default Judgment herein were erroneous . . . . " He offers no analysis or record evidence and fails to explain how the Court's findings of fact were erroneous. Wiemer does not show that the Court should exercise its discretion under Rule 59(e) to alter or amend the judgment against him.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [229] Motion for New Trial or to Alter or Amend a Judgment filed by Dr. Robert Wiemer is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 12th day of June, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE