# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| ROBERT WIEMER | PLAINTIFF |
|---|---|
| v. | CAUSE NO. 1:16CV99-LG-RHW |
| DENISE RUBINO | DEFENDANT |

## ORDER GRANTING IN PART DR. DENISE RUBINO'S MOTION FOR ATTORNEYS' FEES AND COSTS AGAINST NATHAN PRESCOTT

BEFORE THE COURT is [209] Dr. Denise Rubino's Motion For Attorneys' Fees And Costs Against Nathan Prescott, Esq. Rubino seeks $48,848.85 in attorneys' fees and costs incurred after Prescott filed a meritless motion to reconsider on Wiemer's behalf. Rubino's Motion has been fully briefed, and after due consideration of the parties' submissions, the Court awards Rubino $6656.00 in attorneys' fees and $238.50 in costs.

## BACKGROUND

Rubino filed this Motion after the Court granted her motion for Rule 11 sanctions against Prescott and awarded her reasonable attorneys' fees and costs incurred "for preparing the Rule 11 motion, the reply in support of the Rule 11 motion, and the opposition to the motion to reconsider." (Order Granting Mot. for Sanctions 7, ECF No. 207.) "District courts have considerable discretion to determine the appropriate sanction for litigants who violate Rule 11." *M2 Tech., Inc. v. M2 Software, Inc.*, 748 F. App'x 588, 590–91 (5th Cir. 2018), *cert. denied sub nom. King Law Grp., PLLC v. M2 Tech., Inc.*, 139 S. Ct. 1273 (2019). The district

court's calculation of attorneys' fees and expenses is reviewed for clear error. *Id.* The Supreme Court has made clear that the party seeking sanctions "may recover 'only the portion of his fees that he would not have paid "*but for*" the misconduct.'" *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186-87 & n.5 (2017) (emphasis added) (quoting *Fox v. Vice*, 563 U.S. 826, 836 (2011)).

## DISCUSSION

### A. Attorneys' Fees

"As always, the Court uses the lodestar method to calculate an award of fees." *Lighthouse Rescue Mission, Inc. v. City of Hattiesburg, Miss.*, No. 2:12-CV-184-KS-MTP, 2014 WL 4402229, at *3 (S.D. Miss. Sept. 5, 2014) (citation omitted). The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly billing rate. *Id.*; *see Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[T]he lodestar method yields a fee that is presumptively sufficient." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010) (citations omitted).

The Court adopts the hourly rates it has found reasonable for the involved attorneys and paralegal in its contemporaneous order granting Rubino's motion for attorneys' fees against Wiemer. After review of the attached invoices, however, the Court finds the number of hours requires adjustment.

First, the forty-four hours claimed by the Tremblay law firm will be excluded from the lodestar calculation. The Tremblay invoices contain entries for work on issues that appear to be unrelated to the Rule 11 motion or the reconsideration

motion. When the entries do appear related, they generally concern review of work and communications by the lead attorney, Michael Held of the Phelps Dunbar firm. The hours expended by the Tremblay firm are not reimbursable because they are excessive and duplicative for purposes of the lodestar calculation.

Next, the Phelps Dunbar firm claims a total of 108.1 attorney hours and 20.3 paralegal hours for work on the Rule 11 motion and response to the motion for reconsideration, resulting in fees of $25,300.50. This number of hours seems excessive given the status of the case at that point. Wiemer's failure to cooperate with his discovery obligations had been brought to the Court's attention a number of times. What was missing was evidence that this failure was deliberate, rather than inadvertent as Wiemer claimed in his reconsideration motion. Once Rubino obtained copies of Wiemer's communications with his former counsel, she had the evidence necessary to show that the motion to reconsider was meritless and that Prescott had engaged in sanctionable conduct by pursuing it. The communication records were voluminous, and review of them was only necessary because Prescott filed the motion to reconsider. But the legal issues were neither novel nor difficult, and it appears to the Court that the case was overstaffed, particularly to the extent that the Tremblay firm was involved. Excluding entries that include or consist of tasks involving the Tremblay firm results in total attorney hours of 80.9, of which 66.8 are attributed to Michael Held and 14.1 are attributed to Christine Whitman.

Further reduction of this time is appropriate. Rubino's response to the motion for reconsideration focused on the contradictions between Wiemer's

assertions in the motion to reconsider and the communication records; there is very little law cited.  Rubino's Rule 11 motion is based on these same contradictions, plus Prescott's failure to withdraw the motion for reconsideration when the contradictions were brought to his attention.  Recounting and documenting the course of events was surely a tedious exercise, but eighty hours of attorney time to arrive at the filed briefs is excessive – even accounting for the difficulty Rubino experienced obtaining the communication records in the first instance.  *See, e.g., Worrell v. Hous. CanA Acad.*, 287 F. App'x 320, 327 (5th Cir. 2008) (approving as reasonable twelve hours for "making numerous telephone calls, writing several letters, and drafting a motion to dismiss, a motion for sanctions, and accompanying briefing"); *Turner v. Aurora Australis Lodge*, No 1:13cv1-SA-DAS, 2014 WL 5422170, at *2 (N.D. Miss. Oct. 22, 2014) (hours reduced from 34.6 to 9.5 for response to motion to dismiss, motion for sanctions, and reply to motion for sanctions).  Additionally, the Court finds no evidence that Phelps Dunbar exercised billing judgment.  "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant."  *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006).

For all of these reasons, the Court will reduce the compensable attorney hours to twenty-five; twenty of those hours at Held's billing rate of $210 per hour and five hours at Whitman's billing rate of $200 per hour.  The Court also reduces paralegal hours to 11.2, which excludes time entries that either cannot be tied to the reconsideration or Rule 11 issues (such as those concerning Wiemer's tax

- 4 -

returns and business records); are vague; or concern communication with the Tremblay firm. The lodestar calculations are $4200 for Held, $1000 for Whitman, and $1456 for paralegal Safaya. None of the Johnson factors require further adjustment of the lodestar amounts. Prescott will therefore be required to pay reasonable attorneys' fees of $6656.00.

**B. Costs**

Rubino seeks $3748.35 in costs, consisting entirely of printing and copying costs between January 2018 and August 2018. In support, Rubino provides Michael Held's declaration that these costs were "incurred as a direct result of opposing Dr. Wiemer's Motion to Reconsider [Doc. 182], and preparing Dr. Rubino's Rule 11 Motion [Doc. 186 and 187] and the Reply in Support of the Rule 11 Motion [Doc. 192]." (Held Aff. 1, ECF No. 209-1.) Held further states that the "costs are reasonable, based on charges in other cases which I have handled, and were necessary." (*Id.*) Rubino also provided a spreadsheet of all of Phelps Dunbar's costs for the period between January and August 2018. (Rubino Mot. Atty Fees & Costs Against Prescott, Ex. A-2, ECF No. 209-3.) Review of the spreadsheet shows that almost all of the listed printing and copying costs are internal, and the bulk of the cost - $3509.85 - is in one entry on March 2 for 23,399 copies. (*Id.* at 2.)

"[R]eproductions necessarily obtained for use in the case are included within taxable costs, provided that the prevailing party demonstrates that necessity." *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991). The district court must make a factual determination of whether copies were

necessarily obtained for use in the case. *Id. See also Gagnon v. United Technisource, Inc.,* 607 F.3d 1036, 1045 (5th Cir. 2010). The Court's award of costs is a matter of its discretion. *See Mota v. Univ. of Tex. Hous. Health Science Ctr.,* 261 F.3d 512, 529 (5th Cir.2001).

In the Court's view, Rubino's request for copying fees is extraordinarily high for the issues addressed by the Rule 11 sanctions and reconsideration motions. The email records used to show Wiemer's knowledge of the progression of the case were voluminous, but Rubino does not attempt to show that they approached twenty-three-thousand pages. Nor is there any way for the Court to determine which of the copies were necessarily for use in the reconsideration and sanctions motions, as the default judgment damages hearing was also approaching during this time period. The Court therefore excludes the large March 2, 2018 copy expense, but allows the remainder claimed. The costs award is reduced to $238.50.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Dr. Denise Rubino's Motion For Attorneys' Fees And Costs Against Nathan Prescott, Esq. is **GRANTED** to the extent that Prescott must pay Rubino reasonable attorneys' fees of $6656.00 and costs of $238.50. Any other request for relief is denied.

**SO ORDERED AND ADJUDGED** this the 12th day of June, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE